AMERICAN ZYLONITE Co. *v.* CELLULOID MANUF'G Co.

(*Circuit Court, S. D. New York.* December 14, 1887.)

1. PRACTICE IN CIVIL CASES—DISMISSAL OF CASE—EQUITY.
    Prior to the term, the complainant, without application to the court, entered a rule in the common rule book discontinuing the cause on payment of costs.    *Held*, that the complainant in an equity action cannot in this manner discontinue a suit.    An order of the court is necessary.

2. SAME—PATENTS FOR INVENTIONS—INFRINGEMENT SUIT.
    In an action for the infringement of a patent, the complainant asked to discontinue on payment of costs.    Defendant objected, for the reason that the testimony relied upon to show prior invention was of such a character that defendant might not be able to procure it again.    *Held* that, as a condition of the discontinuance, it should be stipulated that defendant's record may be used in any new suit brought against it by complainant.

In Equity.

Prior to the term, the complainant, without application to the court, entered a rule in the common rule book discontinuing the cause on payment of costs.    The defendant, having printed its proofs, placed the cause upon the calendar, and, when it was reached on the regular call, insisted that it should be argued or dismissed upon the merits; that the complainant could not, without the consent of the defendant or the court, discontinue an action in equity; and that it was discretionary with the court to grant or refuse such permission.    The court adopted the view that the cause was not discontinued, and set it down for a day certain, to be then disposed of.    The complainant now moves for leave to discontinue, on payment of costs.

*E. M. Felt* and *H. M. Ruggles*, for complainant.
*Frederic H. Betts*, for defendant.

COXE, J.    The *ex parte* entry in the rule-book was a nullity.    A complainant in an equity action cannot in this manner discontinue the suit. An order of the court is necessary.    *Conner* v. *Drake*, 1 Ohio St. 170. The right, however, of a complainant to dismiss a bill before hearing,

where the defendant has acquired no substantive rights, is well nigh absolute.    It must be an extraordinary case where the court refuses to exercise its discretion.   *Railroad Co.* v. *Rolling-Mill Co.*, 109 U. S. 702, 713, 3 Sup. Ct. Rep. 594; *Stevens* v. *Railroads*, 4 Fed. Rep. 97.

I have examined the defendant's record sufficiently to be convinced that there is nothing which particularly distinguishes this from other equity actions.    It is asserted that the testimony relied upon to establish prior invention is of such a character that the defendant may be unable to procure it again, but the rights of the defendant will be protected in this regard if the complainant is compelled, as a condition of the discontinuance, to stipulate that the defendant's record may be used in any new suit which may be instituted against it by the complainant.    *Brush* v. *Condit*, 22 Blatchf. 246, 20 Fed. Rep. 826.

Upon filing such a stipulation, and paying the costs, the action may be discontinued.