WESTERN UNION TEL. Co. *et al. v.* AMERICAN BELL TEL. Co.

*(Circuit Court, D. Massachusetts. May 23, 1892.)*

No. 1,943

EQUITY PRACTICE—DISMISSAL BY PLAINTIFF—MASTER'S REPORT.

At a hearing before a master it was agreed that, prior to the filing of his report, a draft should be submitted to counsel, in order that they might present objections thereto. The master, however, inadvertently filed the report without so doing. Subsequently he withdrew it by consent of counsel, other proceedings were had before him, and objections were presented to the report. *Held,* that the cause stood as if no report had ever been filed, and that defendant had acquired no such right as would exclude the operation of the general rule that, where defendant demands no affirmative relief, complainant may, upon paying costs, dismiss his bill at any time before interlocutory or final decree.

In Equity. Bill by the Western Union Telegraph Company and others against the American Bell Telephone Company for discovery and accounting. Heard on motion of complainants to dismiss without prejudice. Granted.

*Josiah H. Benton, Jr.,* for complainants.

*William G. Russell* and *E. Rockwood Hoar,* for defendant.

COLT, Circuit Judge. This case was heard on motion of complainants to dismiss the bill without prejudice, on payment of costs. On November 16, 1883, the complainants filed the present bill against the defendant, praying for discovery and account, under a certain contract. The defendant answered, denying the equities of the bill. The complainants then filed a general replication. On May 28, 1886, the case was referred to a master by agreement of counsel, and the following order was made by the court:

"And now, to wit, May 28, 1886, upon agreement of parties filed, it is ordered that the above-named cause be referred to Hon. John Lowell as master

to hear the parties and report the facts, with such part of the testimony as either party shall request, and his rulings on any questions of law arising in the case."

An examiner was subsequently appointed and testimony was taken by both parties. This evidence was submitted to the master, and oral arguments were made before him by counsel and printed briefs filed. At the hearing before the master, it was agreed that, prior to the filing of his report, a draft report should be submitted to counsel, in order that they might present objections thereto. On February 19, 1890, the master filed a report, without having submitted the same to counsel. The next day, upon being reminded of the agreement of counsel, he withdrew the report from the files of the court, and counsel entered into the following stipulation: "It is agreed that the paper filed in this case as the master's report shall be taken into his custody, and considered as not filed, with all accompanying documents." Thereupon the draft report was returned by the clerk to the master. Thirty days were then allowed by the master to each party to submit objections to the report, and the time was subsequently extended to April 25th. Upon that date the complainants applied to the master for time to take further testimony. This application the master refused, and ordered that all objections to the draft report should be made on or before May 7th. On that day the complainants made another application to take further evidence, which the master denied, and ordered that objections to the draft report should then be made. Thereupon objections to the report were filed with the master, the counsel for the complainants filing their objections under protest. On June 1st the complainants filed their motion to dismiss the bill without prejudice, upon payment of costs. On June 3d the complainants requested the master to take no further action, and make no report in the case, pending the decision of their motion to dismiss. On August 11th the master filed his report in court, with all the evidence and accompanying documents.

Upon the foregoing statement of facts, I do not think there can be any question as to the time when the master's report must be considered as filed. Under the agreement of counsel, and by the subsequent action of the master, no report was actually filed until August 11th. Whatever was done February 20th with respect to filing the report was an inadvertence on the part of the master, and can affect in no way the rights or standing of the parties to this suit. In the consideration of this motion I must treat the master's report as not filed until August 11th, or more than two months after the filing of complainants' motion to dismiss.

We have, therefore, this single proposition to decide: whether, under these circumstances, the complainants are entitled to dismiss their bill without prejudice, upon payment of costs; and this is a question purely of equity practice. It is admitted that, under equity rule 90, this court is governed by the equity practice of the high court of chancery of England as it existed in 1842, the time of the adoption of the rule. Under that practice, the general rule was that a complainant might dismiss his

bill upon payment of costs at any time before interlocutory or final decree, and this has been the general practice both in the federal and state courts. There are, however, certain well-recognized exceptions to this rule, and the question which arises upon this motion is whether the defendant comes within any of these exceptions. These exceptions are based upon the principle that a complainant should not be permitted to dismiss his bill when such action would be prejudicial to the defendant. But this does not mean that it is within the discretion of the court to deny the complainant this privilege under any circumstances, where it might think such dismissal would work a hardship to the defendant, as, for example, where it might burden him with the trouble and annoyance of defending against a second suit; but it means that if, during the progress of the case, the defendant has acquired some right, or if he seeks or has become entitled to affirmative relief, so that it would work an actual prejudice against him to have the case dismissed then, the complainant will not be permitted to dismiss his bill. To hold otherwise would be to do away with the general rule altogether, and to make the question simply one of discretion on the part of the court. Where issues are framed out, of chancery, and decided by a jury, that would be such a determination of the case as to forbid the complainant to dismiss his bill without prejudice, because the defendant has acquired a new right; and so where a master has filed his report, and his findings are against the complainant, I do not think, for the same reason, he should be allowed to dismiss his bill. Again, where the defendant has filed a cross bill, or where he seeks affirmative relief in his answer, or where, without specifically asking for affirmative relief in his answer, the evidence discloses that he is entitled to such relief, these are instances where the complainant should not be allowed to dismiss his bill. But where there has been no interlocutory or final decree, and no determination of the cause in any way, and the defendant seeks no affirmative relief, or, in other words, where the bringing of another suit will merely submit him to the annoyance of a second litigation, the complainant has a right to dismiss his bill without prejudice, upon payment of costs.

Upon the facts presented in this case, I do not think the defendant comes within any of the exceptions to the general rule. It is not contended that the defendant seeks any affirmative relief in this case, and therefore that class of exceptions requires no further consideration. The only question is whether there has been any such determination in the case as to confer on the defendant some new right. If the master had filed his report before the motion to dismiss, the situation would have been different; but, as the case stood on June 1, 1891, when the complainants filed their motion to dismiss, there had been no determination by the court or by the master in this cause. The draft report submitted to counsel by the master was in no sense a determination in the cause. He might have modified or wholly reversed his findings upon the presentation of objections by counsel. Until his ultimate conclusions were embodied in a final report, and filed in court, he had in fact legally made no findings, and the present case is no different from what it would

have been if the complainants had moved to dismiss their bill before reference to the master, or had moved to dismiss some time during the hearing before the master and before the submission of his draft report.

It seems to me that this case is quite parallel with the leading case of *Carrington* v. *Holly*, 1 Dickens, 280, where the plaintiff filed his bill to establish his right to certain estates, and an issue to a jury was directed. The plaintiff then moved to dismiss his bill, with costs, and the defendant applied to have the order granting this motion set aside. Lord HARDWICKE said:

"There hath not been any determination. The directing of an issue is merely to satisfy the conscience of the court prefatory to giving judgment. That issue hath not been tried, and till there hath been a determination, I hold a plaintiff may, in any stage of the cause, apply to dismiss his bill, upon payment of costs. Had there been a decree, it would have been otherwise. So, likewise, it would have been had the issue been tried and a verdict in favor of the defendant."

While it cannot be said that the authorities are entirely harmonious, I think the leading cases in this country and in England support the views herein expressed. *Carrington* v. *Holly, supra; Handford* v. *Storie*, 2 Sim. & S. 196; *White* v. *Lord Westmeath*, Beat. 174; *Curtis* v. *Lloyd*, 4 Mylne & C. 194; *Bluck* v. *Colnaghi*, 9 Sim. 411; *Booth* v. *Leycester*, 1 Keen, 247; *Cooper* v. *Lewis*, 2 Phil. Ch. 178; *Chicago & A. R. Co.* v. *Union Rolling Mill Co.*, 109 U. S. 702, 3 Sup. Ct. Rep. 594; *Badger* v. *Badger*, 1 Cliff. 237; *American Zylonite Co.* v. *Celluloid Manuf'g Co.*, 32 Fed. Rep. 809; *Stevens* v. *The Railroads*, 4 Fed. Rep. 97; *Electrical Accumulator Co.* v. *Brush Electric Co.*, 44 Fed. Rep. 602; *Conner* v. *Drake*, 1 Ohio St. 167; *Cozzens* v. *Sisson*, 5 R. I. 489; *Dawson* v. *Amey*, 40 N. J. Eq. 494, 4 Atl. Rep. 442; *Saylor's Appeal*, 39 Pa. St. 495; *Cummins* v. *Bennett*, 8 Paige, 79; *Vaneman* v. *Fairbrother*, 7 Blackf. 541; *Watt* v. *Crawford*, 11 Paige, 470; *Bullock* v. *Zilley*, 5 N. J. Eq. 77; *Babb* v. *Mackey*, 10 Wis. 314; *Seymour* v. *Jerome*, Walk. (Mich.) 356.

The motion to dismiss the bill without prejudice, upon payment of costs, is granted.