AMERICAN STEEL & WIRE CO. v. MAYER & ENGLUND CO.

(Circuit Court, S. D. New York. April 27, 1903.)

1. VOLUNTARY DISMISSAL—CONDITIONS—PERPETUATION OF TESTIMONY.

Where a defendant has expended time and effort in gathering together testimony, he has thereby acquired a substantial right to the use of such testimony, and may properly insist that, as a condition to the dismissal of the suit by complainant, he shall be required to consent to an arrangement by which the testimony taken may be perpetuated and used in any future suit between the parties or their privies involving the same subject-matter.

In Equity. On complainant's motion for an order dismissing the bill, with costs to defendant to be taxed.

John R. Bennett, for plaintiff.

W. C. Strawbridge, for defendant.

PLATT, District Judge. Upon complainant's motion for an order dismissing the bill herein, with costs to the defendant to be taxed. It is firmly settled in the federal courts that the complainant has a right to move to dismiss the bill, paying the taxable costs, except in three instances: (1) When there has been a hearing, or a decree entered; (2) when the defendant asks or deserves affirmative relief; (3) when the dismissal will deprive the defendant of some substantial right which has accrued since the suit was brought. Exceptions 1 and 2 are

eliminated by an examination of the record. Taking up exception 3, I cannot rid myself of the feeling that a substantial right has accrued to the defendant in this suit. Under the circumstances, the testimony which he has been at great pains to gather together ought to be perpetuated. I am aware that proceedings looking to that end are now in the court, and are not before me on this motion; but I conceive that it is within my province, in passing upon the complainant's motion, which must necessarily involve some exercise of discretionary power, to make sure that the testimony shall not be absolutely destroyed. I cannot permit the complainant to acquire the benefits which the granting of his motion involves, without insisting that he shall have the grace to submit now to a condition which he might otherwise antagonize hereafter.

Let it first be arranged that the defendant's testimony shall be so placed as to be available in future controversies over the subject-matter between the parties or their privies, and then let the complainant's motion be granted, without prejudice.