## PALMER v. DELAWARE, L. & W. R. CO.

(District Court, N. D. New York. May 3, 1915.)

1. REMOVAL OF CAUSES ⊂⊃108—PROCEEDINGS AFTER REMOVAL—DISCONTINUANCE.

Plaintiff, in an action for personal injuries against a citizen of another state, in which he claimed $5,000 damages, will not be granted leave to discontinue the action after it has been removed to the federal court, and after he has been enjoined from proceeding in another suit in the state court against the same defendant for the same cause of action instituted

after the removal of the former suit, in which he claimed only $2,950 damages for the purpose of preventing a removal of that cause to the federal court, unless he will stipulate to discontinue the action in the state court, and not to bring another action against the defendant in any court for the same cause of action.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 217; Dec. Dig. ⊙—108.]

2. DISMISSAL AND NONSUIT ⊙—18—VOLUNTARY DISMISSAL—DISCRETION OF COURT.

It is within the discretion of the court to grant or refuse leave to plaintiff to discontinue his action, and such leave will be denied or granted only conditionally, where the defendant has acquired some interest or incurred some expense in the action, the benefit of which would be lost by a discontinuance and the institution of another action.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 32; Dec. Dig. ⊙—18.]

3. REMOVAL OF CAUSES ⊙—97—EFFECT OF REMOVAL—PROCEEDINGS IN STATE COURT—INJUNCTION.

Where a case has been lawfully removed to a federal court under the acts of Congress enacted under its constitutional powers, providing for such removal, the state court has no jurisdiction over the same cause of action between the same parties while the cause is pending in the federal courts; and while the state court cannot be directly enjoined from proceeding with the action for the same cause, the parties thereto may be so enjoined.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 206, 208–211; Dec. Dig. ⊙—97.]

At Law. Action by Edwin F. Palmer against the Delaware, Lackawanna & Western Railroad Company. On motion by plaintiff for leave to discontinue the action. Motion denied.

Motion by plaintiff for leave to discontinue this action after removal of this cause from the state court into the United States court; the plaintiff having thereafter instituted another suit in the Supreme Court of the state of New York for precisely the same cause against the same defendant, except that he reduces his demand for judgment and his allegation of damages from $5,000 to $2,950.

Piper & Pendergast, of Fulton, N. Y., for the motion.
Chas. V. Byrne, of Syracuse, N. Y., opposed.

RAY, District Judge. [1] On or about the 26th day of October, 1914, the above-named plaintiff, Edwin F. Palmer, commenced an action in the Supreme Court of the state of New York against the above-named defendant to recover damages for personal injuries by reason of the alleged negligence of defendant, and he alleged and laid his damages at the sum of $5,000 and demanded judgment therefor. Thereupon the defendant, which is a foreign corporation organized under the laws of the state of Pennsylvania, the plaintiff being a citizen and resident of the state of New York, took due and lawful proceeding in due time for the removal of this cause into the United States District Court of the Northern District of New York, in which district said action was pending in the state court, and presented its papers to and filed same with the judge of said Supreme Court at a regu-

lar term being held, and at the same time presented for approval and procured the approval of the bond required and filed same. After being served with notice that at the said time and place the said papers for removal would be presented, etc., the plaintiff, by moving at the same time and place for a discontinuance of the action, sought to discontinue the action, and thus prevent removal and defeat the jurisdiction of this court; that is, the plaintiff, when he discovered that the defendant had availed itself of the right of removal, sought to defeat removal by discontinuing the action, his purpose being to commence another action in the same court against the same defendant for precisely the same cause, except that he purposed to reduce his claim of damages from $5,000 to $2,950, so as to deprive the United States court of jurisdiction of the second action and thus defeat removal.

That this was the purpose is clearly demonstrated by the course pursued and acts done by the plaintiff immediately following the filing of the papers with the judge of the Supreme Court on the application for removal and the order which it was the duty of said court to make. Both applications were presented and heard at the same time, and both were decided at the same time. The judge of the Supreme Court, however, made an order discontinuing the action at the same time that the bond was pronounced sufficient and the papers on removal were filed. Immediately thereafter the plaintiff in the action referred to, and sought to be removed, who had laid his damages at the sum of $5,000 for the acts of negligence complained of, brought another action in the Supreme Court of the state of New York against the same defendant for precisely the same cause of action and on the same allegations, but laid his damages at the sum of $2,950, $50 less than the jurisdictional amount to enable defendant to remove the case. This attempt of the plaintiff in this action removed as above stated, and also plaintiff in the second action brought in the Supreme Court and in the same county, to discontinue this action in favor of the action commenced in the state court after such removal for the same cause, if successful, will operate to deprive the defendant of a substantial right, to wit, the right to remove the trial of the action for the negligence alleged from the Supreme Court of the state of New York to the United States District Court of the Northern District of New York, in which district the alleged cause of action arose, and in which district the plaintiff himself resides.

The question is: Will this court lend itself to practices and evasions of the law of this kind? It is useless for the plaintiff to contend that there was any error or mistake in demanding judgment, or in alleging the amount of damages sustained. The time and circumstances under which this reduction of the claim was made forbids any such conclusion. It is, of course, true that this court cannot compel a plaintiff to demand a greater judgment than he deems himself entitled to. The cause having been removed, if the plaintiff on the trial should stipulate that he is not entitled to more than $2,950 damages, or before trial should move to remand, and stipulate, for the purpose of securing a remand to the state court, that the damages were only $2,950, the court in the last case would refuse to remand, as the right of removal depends upon the pleadings as framed when removal is made, but in

the first case mentioned would, of course, limit the plaintiff on the trial to the damages he voluntarily stipulated as the limit of his right of recovery.

If, on the trial of this action, the plaintiff should see fit to submit to a voluntary nonsuit, the defendant would be powerless to prevent. However, when a plaintiff has brought suit in the state court for a given cause of action, removable to the United States court, and such cause has been removed according to law, jurisdiction vests in the United States court, and this court ought not to lend itself in any way to aid a proceeding or a course of procedure adopted by the plaintiff for the express purpose of ousting this court of jurisdiction, and in effect remanding the cause to the state court for trial through the guise of another action for the same cause between the same parties in the same state court, the only difference being a reduction in the amount of damages claimed. Such a subterfuge for bringing about a remand of the cause, otherwise impossible, ought not to be encouraged or sanctioned. Ordinarily a plaintiff should have the right to discontinue his action; but when it is done, not for the purpose of promoting justice, but for the purpose of defeating justice, and prolonging litigation, and depriving the defendant of a substantial right, the court ought to put its face against it.

[2] The right of the plaintiff to discontinue is not absolute; it is discretionary with the court to allow a discontinuance, or allow it on terms, or refuse it altogether. In Matter, etc., of Waverly Waterworks Co., 85 N. Y. 478, 481, 482. In this case the Court of Appeals held:

"The court, having the right in its discretion to refuse leave to discontinue an action or special proceeding, can determine upon what terms it may grant leave. Its discretion in this respect is not limited to the payment of costs."

In its opinion the court held:

"The court in which an action is pending may impose terms beyond taxable costs as a condition of the discontinuance of the action. It may require the plaintiff to stipulate that he will not sue again for the same cause of action, or that, if he does sue again, the defendant may use the evidence already taken, or that he will not interpose the statute of limitations as a defense to a counterclaim which the defendant has set up in case he should sue the plaintiff thereon, or even that he will pay the counterclaim. The right to impose such conditions grows out of and is included in the right to refuse the discontinuance altogether. * * * When an action or special proceeding has been commenced, the defendant may have an interest that it shall be conducted to its termination, and in such case the court can protect such interest by refusing to permit the action or proceeding to be discontinued, or it may impose such reasonable terms as a condition of discontinuance as will fully protect or indemnify the defendant."

This is, of course, in accord with common sense and the due administration of justice. The rule thus declared applies here in all its force, where the defendant has not only an interest, but a statutory right arising under an act of Congress, to have this alleged cause of action tried out in the District Court of the United States, to which the action was removed for trial. The case above cited has been frequently referred to, and cited and approved. See Winans v. Winans, 124 N. Y. 140, 144, 26 N. E. 393. In this case the court said:

"An application for leave to discontinue an action is addressed to the legal, not the arbitrary, discretion of the court, and it may not be denied capriciously, but may be refused whenever circumstances exist which afford a basis for the exercise of legal discretion; in such a case the court has but to consider whether anything has occurred since the commencement of the action which would so far prejudice defendant's interest, in the event of a discontinuance, as to require a denial of the application."

See, also, to same effect, In Matter of Probate of Will of Lasak, 131 N. Y. 624, 30 N. E. 112; Carleton v. Darcy, 75 N. Y. 375; Young v. Bush, 36 How. Prac. (N. Y.) 240.

In Matter of Petition of Butler, 101 N. Y. 309, 4 N. E. 518, Judge Finch said:

"A party should no more be compelled to continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance."

In this case now before this court, it is not sought to compel the plaintiff to "continue a litigation," but, *if he insists on continuing it,* that it be carried on in that tribunal to which it was removed for trial, and to which the defendant had the legal and the equitable right to remove it for trial, and which tribunal the plaintiff is now seeking to avoid by bringing a second action for precisely the same cause against the same defendant in another court, but reducing the damages claimed in his second action, plainly for the purpose of avoiding and preventing a removal of such second action to this court, where the first action is now pending. The plaintiff is insisting on continuing the litigation for this precise cause between the same parties, but seeks to compel the defendant, who brought the action lawfully into this court for trial, to go into the state court again, and where, should this action be discontinued, the plaintiff on the trial of the second action might (as has been done many times) ask to amend by increasing his demand for judgment.

The same rule above stated prevails in the federal court. In American Steel & Wire Co. v. Mayer & Englund Co. (C. C.) 123 Fed. 204, it was held that, where the defendant had expended time and effort in gathering testimony, the condition, on discontinuance, might be imposed, and should be imposed, that the plaintiff should consent to the perpetuation of such testimony and an arrangement for its use in any subsequent litigation between the same parties involving the same subject-matter.

[3] The constitutional right of Congress to provide for the removal of causes from the state to the federal courts is settled (Tennessee v. Davis, 100 U. S. 257, 265, 25 L. Ed. 648, 651); and "the Legislature or the judiciary of a state can neither defeat the right given by a constitutional act of Congress to remove a case from a court of the state into the Circuit [now District] Court of the United States, *nor limit the effect of such removal*" (Goldey v. Morning News, 156 U. S. 518, 523, 15 Sup. Ct. 559, 39 L. Ed. 517, 519; Madison Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 245, 25 Sup. Ct. 251, 49 L. Ed. 462). And the state court cannot do that indirectly which it cannot do and is forbidden to do directly. While the state court itself may not be enjoined from proceeding in the state court on the same cause

of action, the parties to the action may be. Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 245, 25 Sup. Ct. 251, 49 L. Ed. 462. In this case the Supreme Court of the United States held:

"After the presentation of a sufficient petition and bond to the state court in a removable case, it is competent for the Circuit Court, by a proceeding ancillary in its nature—without violating section 720, Rev. St., forbidding a court of the United States from enjoining proceedings in a state court—to restrain the party against whom a cause has been legally removed from taking further steps in the state court."

See the many cases cited in the opinion.

In this case this ancillary proceeding has been taken, and this court has duly enjoined this plaintiff from taking further proceedings in the state courts of the state. Hence this motion to discontinue. And while the action is pending in the federal court the state court cannot obtain and exercise jurisdiction over the same cause of action between the same parties through a second action in the same state court, commenced after such removal to the federal court. The plaintiff in the action may be enjoined from prosecuting such second action in the state court. Madisonville Traction Co. v. St. Bernard Mining Co., supra. However, "after a case properly removable and removed into the federal court has been voluntarily dismissed *without action on the merits*, the case is again at large, and plaintiff may begin it again in any court of competent jurisdiction, including the state court from which the first case was removed into the Circuit Court." Southern Railway Co. v. Miller, 217 U. S. 209, 213, 216, 217, 30 Sup. Ct. 450, 452 (54 L. Ed. 732). In this last-cited case the Supreme Court of the United States decided that:

"While it is true that a compliance with the act of Congress entitling the party to remove the case may operate to end the jurisdiction of the state court, notwithstanding it refuses to allow such removal, it by no means follows that the state court may not acquire jurisdiction *in some proper way* of the *same cause of action after the case has been dismissed* without final judgment in a federal court. By complying with the removal act the state court lost its jurisdiction, and upon the filing of the record in the federal court that court acquired jurisdiction. It thereby had the authority to hear, determine, and render a judgment *in that case to the exclusion of every other court*. But where the court permitted a dismissal of the action by the plaintiff, it thereby lost the jurisdiction which it had thus acquired."

It is apparent from these decisions of the highest courts of the United States and of the state of New York that:

1. This case, involving directly this cause of action between these parties and nothing else, was commenced in the state court of the state of New York and duly and properly removed into the District Court of the United States, Northern District of New York, for trial, and that thereupon this court acquired jurisdiction of the case and of the cause of action.

2. That this court now has such jurisdiction and control over it and the parties, and had same when the second action for the same cause was commenced in the state court.

3. That defendant having properly availed itself of the removal statute, and moved the case, and this cause of action, into the federal court for trial, it thereby exercised a statutory right and gained the right,

*a substantial one,* to have the case for this cause of action tried and determined in the federal court. This right the defendant asserts and interposes as a defense to this motion, whereby it is plainly sought by the plaintiff to deprive the defendant of such substantial right, deprive this court of jurisdiction, and *in effect* bring about a remand, which cannot be done directly.

4. To grant this motion would operate as a fraud upon the rights of the defendant, as there is no reason for the second action in the state court between the same parties on precisely the same cause of action, except to secure a trial in the state court; and plainly the discontinuance of this action in the federal court is sought in order that the same cause of action between the same parties may be tried in the same state court from which this action was removed, the damages *claimed* being reduced, so as to prevent removal of such second action.

5. The defendant has availed itself of the right to enjoin the plaintiff from proceeding further in the state court, and he is now under such injunction.

6. This court is of the opinion that in the exercise of its discretion this motion to discontinue in this court should be denied, and that to grant the motion, under the circumstances and in view of the facts disclosed, would be an abuse of discretion.

This action in the federal court can be as speedily tried as the case in the state court. It is now on the calendar, and court is in session in Syracuse, and another term of the court will be held in Syracuse during June, and that city is but a few miles distant from Fulton, where the alleged cause of action arose.

The *motion to discontinue is denied,* unless plaintiff will stipulate to discontinue the second action brought in the state court, and not again bring action against the defendant in any court on this cause of action. If such stipulation is executed and filed, the motion to dismiss is granted.