**SHATTUCK et al. v. PENNSYLVANIA R. CO.**

District Court, W. D. New York.

May 14, 1931.

See, also, (D. C.) 48 F.(2d) 346.

Levi Ginsburg, of Elmira, N. Y., for plaintiffs.

Diven & Diven, of Elmira, N. Y., for defendant.

KNIGHT, District Judge.

The action is in negligence. Issue was joined on December 29, 1930. Thereafter, application was made by the defendant to take the testimony of Frank J. Spear at Tampa, Fla. Taking of such testimony was adjourned from time to time by consent of the parties until April 22, 1931. On April 20, 1931, on application of the plaintiffs, an order was granted by this court returnable May 4, 1931, directing defendants to show cause why an order of discontinuance of the action should not be granted, and staying the proceedings to take the testimony of said Frank J. Spear until a reasonable time after the hearing and final determination of such motion.

■ It is well settled by a long line of decisions in the federal courts and the courts of New York State that the right of a plaintiff to discontinue is not absolute. It may not be denied arbitrarily. The court may grant the application upon reasonable terms

Vide: Winans v. Winans, 124 N. Y. 140, 26 N. E. 293; Matter of Waverly Waterworks Co., 85 N. Y. 478; Palmer v. Delaware, L. & W. R. R. Co. (D. C.) 222 F. 461.

The defendant does not oppose the granting of the order of dismissal, provided it is made upon the condition that the defendant be permitted to take and preserve the testimony of the said witness Spear. In view of the circumstances this seems to be a reasonable condition.

The affidavit of plaintiff Bertha M. Shattuck asserts that she is without means to pay the expenses of an attorney to represent her in the taking of the testimony of the witness Spear. The likelihood that another action may be brought, the apparent importance of the testimony of the witness Spear, and the possible difficulty in obtaining the testimony in case another action is brought, afford a reasonable ground for granting the application to discontinue, on the conditions asked by the defendant. The granting of the order on these conditions necessarily will require appearance by the plaintiff Bertha M. Shattuck by an attorney for the taking of such testimony, and it likewise seems equitable that the defendant pay a reasonable sum in aid of the employment of such an attorney for the said plaintiff.

An order may be entered granting the discontinuance of the action, on condition that within sixty days from the date of the entry of the order hereon the defendant take the testimony of the witness Spear; that this action shall be construed as continuing, pending the taking of such testimony within the sixty days aforesaid, and provided, further, that the defendant pay to the plaintiff the sum of not to exceed $50 in payment of expenses to be incurred by the plaintiff Bertha M. Shattuck for an attorney's services in connection with the taking of the testimony aforesaid.

That the order aforesaid be settled at any time upon consent of the parties or on two days' notice by a judge of this court.