## DOOLEY IMPROVEMENTS, Inc., v. MOTOR IMPROVEMENTS, Inc., et al.

### No. 957.

District Court, D. of Delaware.

March 7, 1934.

Hugh M. Morris, of Wilmington, Del., and John M. Zane, of Chicago, Ill., for plaintiff.

Robert H. Richards, of Wilmington, Del., and Theodore S. Kenyon (of Kenyon & Kenyon), of New York City, for defendant Motor Improvements, Inc.

NIELDS, District Judge.

Plaintiff moves to dismiss its bill of complaint without prejudice. Defendant resists the motion because during the progress of the case (1) defendant has become entitled to affirmative relief; (2) defendant has filed an answer containing a counterclaim praying such affirmative relief; and (3) by a decree entered in this case eliminating the narrow issue of interfering patents defendant has ac-

quired the advantage of trying in this court the broader issues of an infringement suit.

Plaintiff replies to the (2) defense that the counterclaim is ineffectual because filed after plaintiff's motion to dismiss. Defendant rejoins that its counterclaim was filed in conformity with Equity Rule 16 (28 USCA § 723); that is, within the time for filing answer as enlarged by order of the court for cause shown. The issues thus presented can be tested by a consideration of the record step by step.

March 7, 1932, plaintiff filed its bill of complaint for relief against interfering patents under section 4918, U. S. Rev. St. as amended by Act March 2, 1927 (35 USCA § 66), and also for patent infringement. March 29, 1932, within twenty days after service of subpœna, defendant Sweetland entered a special appearance and moved to dismiss the bill as to him. On the same day Motor Improvements, Inc., moved to dismiss that part of the bill based on section 4918. Thereupon the court entered an order that the time for filing an answer or other pleading by Motor Improvements, Inc., "be extended until twenty days after the entry of an order by the court" disposing of its motion to dismiss. The motions to dismiss the bill in so far as it was founded on section 4918 were granted, and on November 21, 1932, a decree to that effect was entered. (D. C.) 1 F. Supp. 641. This decree eliminated Sweetland and the issue of interfering patents, and confined the issue to a straight infringement suit against Motor Improvements, Inc., as sole defendant. December 7, 1932, after notice to plaintiff, defendant moved to strike from the bill of complaint all impertinent allegations relating to interfering patents. On the following day, upon sufficient reason shown, the court ordered "that the time for filing an answer, further motion or other pleading by the said defendant be extended until twenty days after the entry of an order by the court" disposing of defendant's motion to strike. December 15, 1932, plaintiff appealed from the decree of dismissal. July 6, 1933, the Court of Appeals of this circuit affirmed the decree of dismissal. 66 F.(2d) 553. November 13, 1933, the Supreme Court denied certiorari. 290 U. S. ——, 54 S. Ct. 127, 78 L. Ed. ——. November 27, 1933, plaintiff filed its motion to dismiss the bill of complaint without prejudice. January 6, 1934, defendant filed its counterclaim.

■ It would be manifestly unjust to penalize defendant by destroying its right to file a counterclaim when it has conformed strict-ly to the rules and orders of the court respecting the time of such filing. Under the order of the court of December 8, 1932, defendant's time for filing its counterclaim was enlarged until twenty days after the hearing of defendant's motion to strike. When defendant filed its counterclaim, it had a legal right so to do, as the motion to strike had been pending and unheard for nearly a year while plaintiff was pursuing its appellate remedies. The counterclaim was filed under Equity Rule 16 (28 USCA § 723) within the time fixed as enlarged by order of court. Plaintiff cannot deprive defendant of its right to have its counterclaim considered by filing a motion to dismiss the bill.

■■ More than a question of practice or procedure is here involved. A plaintiff has a right to relinquish the pursuit of remedies against a defendant, but if in such pursuit plaintiff has inflicted an injury upon defendant, he cannot destroy defendant's right arising therefrom. If a defendant has acquired during the progress of a case a right to affirmative relief and embodies that right in a counterclaim, a court of equity is bound to consider such a counterclaim, whether filed before or after plaintiff files a motion to dismiss its bill of complaint. Pullman's Car Co. v. Transportation Co., 171 U. S. 138, 18 S. Ct. 808, 43 L. Ed. 108.

In its counterclaim defendant alleges: That the Cole patent upon which plaintiff sues is invalid. That the device of that patent is of no commercial value. That it has never been made or used by Cole or the plaintiff except possibly for experimental purposes, and that such experimental use has shown it to be valueless. That plaintiff, knowing that there was no interference in fact between the Cole patent and the Sweetland patents of defendant, filed its bill of complaint in this suit alleging that the Sweetland patents and the Cole patent were interfering patents. That plaintiff, knowing such allegation to be untrue, caused notices to be published in newspapers throughout the United States asserting that Cole was the true and original inventor of the inventions covered by the Sweetland patents and that the Sweetland patents were invalid; that the devices manufactured by the defendant under the Sweetland patents were infringements of the Cole patent. That such representations were made by plaintiff to the public knowing them to be false and with intent to injure the defendant in its business under the Sweetland patents. As a result of such representations, defendant's business was injured and suffered

great damage. That defendant has been put to great trouble and expense in this suit by reason of the unfounded allegations in respect of infringement and of interfering patents. After the foregoing allegations, the counterclaim concludes with a prayer for affirmative relief.

At the hearing of plaintiff's motion to dismiss without prejudice, the only affidavit filed by either side was one by the president of defendant company. From that source it appears that defendant was incorporated over ten years ago, and as exclusive licensee under the two Sweetland patents has manufactured and sold filters known as the "PurOlator" oil filters. These filters remove deleterious solids from the lubricating oil in the circulating system of internal combustion engines of automobiles, tractors, etc. The business of the defendant has grown to great proportions. Before March 1, 1932, the date of the issuance of the Cole patent, defendant had manufactured and sold six million of such filters, and after that date one and one-half million. They were sold to forty thousand dealers for purposes of equipment and replacement. Defendant has expended $13,-000 in preparing and defending this suit and is now prepared to proceed and defend the charge of infringement and make good the allegations of its counterclaim.

■ The general rule is well settled that the plaintiff in an equity suit has the right, at any time before final hearing by leave of court, to dismiss his bill without prejudice upon payment of costs. This rule is subject to the exception that such dismissal will in no way prejudice or inflict inequitable hardship upon the defendant otherwise than by the mere prospect of being harassed and vexed by future litigation of the same kind. Pullman's Car Co. v. Transportation Company, 171 U. S. 138, 18 S. Ct. 808, 43 L. Ed. 108. If this case comes within the rule, the court has no discretion and must grant the motion. If this case comes within the exception, the court may exercise its sound discretion and either deny or grant the motion.

■ Where the defendant is entitled to affirmative relief by way of counterclaim or has acquired some substantial legal right in the cause or will be seriously prejudiced by a dismissal, or if it is apparent that unnecessary and prolonged litigation will be entailed by dismissal, the cause should not be dismissed without prejudice.

■ It is obvious that a denial of defendant's right to prove its counterclaim would of itself be prejudicial and an inequitable hardship to the defendant. Upon this ground alone the motion to dismiss should be denied.

Regardless, however, of the question of affirmative relief under its counterclaim, defendant will be deprived of substantial advantages if the case is dismissed. Plaintiff saw fit to bring the defendant into this court to answer a bill charging interfering patents and infringement of the Cole patent. Defendant has succeeded in having a decree entered eliminating the issue of interfering patents and restricting the suit to a patent infringement suit. In such suit the issues are validity of the Cole patent and infringement thereof by defendant. Having eliminated the narrow issue of priority of invention as between Cole and Sweetland, defendant has secured the advantage of defending in this suit the broader issues of validity and infringement. Defendant should not be forced to surrender that advantage.

January 18, 1933, plaintiff filed a bill of complaint in the Supreme Court of the District of Columbia against defendant and two others under section 4918 alleging interference between the Cole and Sweetland patents. A determination of that issue will be deferred for many months and possibly years. Thereafter an infringement suit must be brought to determine the question of infringement of the Cole patent by defendant. Meanwhile a vast claim for damages will have accumulated against manufacturers using defendant's device and the distributors thereof. The ends of justice and the interest of all parties demand a speedy determination in this suit of the validity of the Cole patent and the alleged infringement thereof.

Plaintiff gives no reason why it desires to dismiss its bill without prejudice. It may be assumed from the record that it prefers to have the interfering patents suit in the District of Columbia tried before the trial of the infringement suit in this court. Defendant should not be compelled to its prejudice and disadvantage to yield to plaintiff's preference.

For the reasons stated, plaintiff's motions to strike defendant's answer and counterclaim and to dismiss the bill of complaint without prejudice must be denied.