**WHITALL–TATUM v. CORNING GLASS WORKS (two cases).**

No. 1879.

District Court, W. D. New York.

May 21, 1935.

infringement and the validity of the patent. The answer asks no affirmative relief and sets up no counterclaim. Interrogatories and answers were filed by both parties. No further proceedings were had until plaintiff filed notice of motion to dismiss without prejudice, on payment of costs. Thereafter defendant filed notice of motion to take testimony abroad and also de bene esse. Both motions are now before this court for decision.

The law is well settled that a plaintiff has the absolute right to discontinue his suit without prejudice at his own costs at any time prior to final submission, with certain exceptions. Ex parte Skinner & Eddy Corporation, 265 U. S. 86, 44 S. Ct. 446, 448, 68 L. Ed. 912; Pullman's Palace-Car Co. v. Central Transportation Co., 171 U. S. 138, 18 S. Ct. 808, 43 L. Ed. 108; McGowan v. Columbia, etc., Ass'n, 245 U. S. 352, 38 S. Ct. 129, 62 L. Ed. 342; Western Union Telegraph Co. v. American Bell Telephone Co. (C. C.) 50 F. 662; United Motors Service, Inc., v. Tropic-Aire, Inc. (C. C. A.) 57 F.(2d) 479; Dooley Improvements v. Motor Improvements (D. C.) 6 F. Supp. 161. In Ex parte Skinner & Eddy Corporation, supra, the court said: "The right to dismiss, if it exists, is absolute."

An examination of the authorities discloses that all of the exceptions to the right to discontinue cannot be specifically stated. Generally it may be said: "If it is inequitable to permit the dismissal of an equity case it should not be done. Whether it is inequitable is to be determined by the trial court in the exercise of a sound discretion." United Motors Service, Inc., v. Tropic-Aire, Inc. (C. C. A.) 57 F.(2d) 479, 482; Western Union Telegraph Co. v. American Bell Telephone Co. (C. C.) 50 F. 662.

The exercise of this "sound discretion," however, is limited by certain general rules.

In the instant case the defendant demands no affirmative relief; it asserts no counterclaim. In the event of either of such pleadings, it is clear that a substantial right of the defendant might be affected and the court should not dismiss.

"The usual ground for denying a complainant in equity the right to dismiss his bill without prejudice at his own costs is that the cause has proceeded so

Byrnes, Stebbins & Blenko, of Pittsburgh, Pa., for plaintiff.

Bean, Brooks, Buckley & Bean, of Buffalo, N. Y. (Alan F. Garner, of Washington, D. C., of counsel), for defendant.

KNIGHT, District Judge.

The suit is for patent infringement. Issue was joined by an answer denying

far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action. Having been put to the trouble of getting his counter case properly pleaded and ready, he may insist that the cause proceed to a decree." Ex parte Skinner & Eddy Corporation, supra.

This language is applicable to an affirmative defense.

The exceptions to the rule making the right to dismissal absolute have often been said to be: "First, where the dismissal would deprive the defendant of some substantial right which has accrued to him since the suit was commenced; second, where the defendant prays for, or is entitled to, some affirmative relief, as, for example, where there is a cross-bill." Pennsylvania Globe Gaslight Co. v. Globe Gaslight Co. (C. C.) 121 F. 1015, 1016.

In Morton Trust Co. et al. v. Keith et al. (C. C.) 150 F. 606, dismissal was permitted without condition and without prejudice after the proofs had been completed; in Connecticut & P. R. R. Co. v. Hendee (C. C.) 27 F. 678, the proofs were partially completed; in Lindley v. Denver et al. (C. C. A.) 259 F. 83, the proofs were partially completed; in Pennsylvania Globe Gaslight Co. v. Globe Gaslight Co. (C. C.) 121 F. 1015, the proofs were completed and the case awaited final hearing; in Allington v. Shevlin-Hixon Co. (D. C.) 2 F.(2d) 747, after filing of motion to dismiss, application for intervention of another party was made; in Tower v. Stimpson (C. C.) 175 F. 130, defendant sought to file a cross-bill after motion to dismiss was filed; and in City of Milwaukee v. Activated Sludge (C. C. A.) 69 F.(2d) 577, motion to dismiss was made before any depositions had been taken; in Houghton v. Whitin Mach. Works (C. C.) 160 F. 227, a cross-bill was filed after the motion to dismiss was filed. In each of these cases the application to dismiss was granted. Many suits involving comparable facts might be cited.

A. C. Gilbert Co. v. United Electrical Mfg. Co. (D. C.) 33 F.(2d) 760, and Churchward International Steel Co. v. Carnegie Steel Co. (D. C.) 286 F. 158, cited by defendant, were cases in which alleged substantial rights accruing after the commencement of the suits were considered. In the first-mentioned case, manifestly plaintiff's conduct had deprived him of an absolute right to dismissal. In the latter, the proceedings in the suit had extended much beyond those in the instant suit. It would seem that the decision in the Churchward International Steel Co. suit went much farther than any other case to which the court's attention has been drawn, and that it is in conflict with the rule as interpreted by many other cases.

It is not sufficient that defendant may be harassed by another suit. No actual prejudice is shown by defeating defendant's opportunity to take testimony now. Another suit may not be brought. In Pullman's Palace-Car Co. v. Central Transportation Co., 171 U. S. 138, 18 S. Ct. 808, 811, 43 L. Ed. 108, the court said: "Leave to dismiss a bill is not granted where, beyond the incidental annoyance of a second litigation upon the subject-matter, such action would be manifestly prejudicial to the defendant."

American Steel & Wire Co. v. Mayer & Englund Co. (C. C.) 123 F. 204, Lunati v. Marnall Steel Products, Inc., et al. (D. C.) 10 F. Supp. 282, and Shattuck et al. v. Pennsylvania Ry. Co. (D. C.) 50 F.(2d) 974, are cited by defendant. In the first mentioned case testimony had been taken, and the condition of dismissal was that the testimony taken be made available in a subsequent suit. In the second named case the suit was already on the trial calendar. Shattuck v. Pennsylvania Ry. Co., supra, was decided by the writer of this opinion. The facts are not comparable. It was an action at law. It followed New York state court decisions which are not controlling in this suit. The Conformity Act has no application here. In that case an order had been made for the taking of depositions before the motion to dismiss was filed, and the facts particularly justified the order made. No substantial right affected by a dismissal had been acquired by the defendant before the filing of the motion to dismiss.

In Brush et al. v. Condit et al. (C. C. S. D. of N. Y.) 20 F. 826, the dismissal was upon the condition that the evidence already taken by the defendant be stipulated into any further suit. In American Zylonite Co. v. Celluloid Mfg. Co. (C. C. S. D. of N. Y.) 32 F. 809, the proofs in the case had already been taken, and the dismissal was ordered on condition that the plaintiff stipulate that the defendants' record might be used in

any new suit. The two last hereinbefore mentioned cases as well as United Motors Service, Inc., v. Tropic-Aire, Inc., supra, and American Steel & Wire Co. v. Mayer & Englund Co., supra, were all decided in districts in each of which there is an equity rule relating to voluntary discontinuances and which rule purports to extend the right of the court to deny a dismissal. It would seem that such a rule is in conflict with the decision in Ex parte Skinner & Eddy Corporation Case.

Aside from the fact that the motion for the taking of depositions was made after the motion to dismiss was made, the facts in the case at bar do not show that defendant will be prejudiced. Defendant claims that it has gone to great expense and trouble in ascertaining certain material proofs and that these proofs should be perpetuated in order that they may be available in a future suit.

Prejudice means "that if, during the progress of the case, the defendant has acquired some right, or if he seeks or has become entitled to affirmative relief, so that it would work an actual prejudice against him to have the case dismissed then, the complainant will not be permitted to dismiss his bill." Western Union Telegraph Co. v. American Bell Telephone Co. (C. C.) 50 F. 662, 664. Expense incurred is not sufficient prejudice. Lindley v. Denver (C. C. A.) 259 F. 83. Mere prospect of being harassed and vexed by future litigation is not sufficient prejudice. United Motors Service, Inc., v. Tropic-Aire, Inc. (C. C. A.) 57 F.(2d) 479. It seems that the defendant will be in a position to obtain the suggested necessary proofs at any time within which another suit can be brought. It already has the drawings which it claims show the prior art, and in all reasonable probability can establish prior use hereafter.

Defendant asks that the motion be denied, or, if sustained, that it be conditioned on permission to take testimony upon depositions. If the latter request were granted, it would be applicable in any case where a motion to dismiss is made and a defendant asks to take the testimony of any witness whose condition or age is such that it likely could not be produced on a trial in a new suit. The court's view in this case is that the plaintiff's right is absolute and that there are here no exceptions giving the authority to exercise any discretion.

"If this case comes within the rule, the court has no discretion and must grant the motion. If this case comes within the exception, the court may exercise its sound discretion and either deny or grant the motion." Dooley Improvements v. Motor Improvements (D. C.) 6 F. Supp. 161, 163.

Even if the court had the right in its discretion to deny the motion to dismiss, it seems to it that the motion should be granted. The precedent established by a denial would be far-reaching.

The motion to dismiss is granted, on condition that plaintiff pay the defendant's costs.

The motion to take testimony is denied.