Salvatore **MISTRETTA**, Libelant,

v.

**S.S. OCEAN EVELYN**, her engines, hull, tackle, cargo and her appurtenances thereof, Ocean Transportation Co. Inc., and Maritime Overseas Corp., Respondents,

v.

**The UNITED STATES** of America, American Stevedores, Inc., Respondents-Impleaded.

No. 63 Ad. 1224.

United States District Court
E. D. New York.

Feb. 23, 1966.

---

See also D.C., 243 F.Supp. 86.

Jacob Rassner, New York City (Solomon J. Cohen, New York City, of counsel), for libelant.

Sidney A. Schwartz, New York City (Alexander, Ash & Schwartz, New York City, of counsel), for respondents and impleaded respondents.

DOOLING, District Judge.

The motion of libelant for leave to dismiss this admiralty personal injuries suit raises again the uneasy question of the right of a litigant to dismiss his case for the purpose of renewing the litigation in another court. Here, libelant means to pursue his claim in the state court before a jury. His position is the plain one that, since this court has denied the parties summary judgment, although the parties were united in arguing that summary disposition was proper, the interests of justice will be best served by having a jury trial in the state court. It is concluded that, whatever be the precise effect and analogical application in admiralty of Rule 41(a)(2), the libelant may not dismiss the present suit in admiralty without prejudice to the state court suit.

If the traditional view that a plaintiff at law had an absolute right, and a right of substance, to dismiss his suit (Ex parte Skinner & Eddy Corp., 1924, 265 U.S. 86, 92–93, 44 S.Ct. 446, 68 L.Ed. 912), prevailed in admiralty—as it seems that it did [Confiscation Cases, 1869, 74 U.S. (7 Wall.) 454, 457–458, 19 L.Ed. 196; Erie R. R. Co. v. Boston, C. C. & N. Y. Canal Co., D.Mass.1921, 270 F. 876], then the first question is whether the right of dismissal was ever genuinely absolute. It is far from clear that the right was ever absolute even in the sense of vesting in plaintiff a power of dismissal upon the performance of conditions. Dismissal could be and usually was conditioned on the payment of costs (see Jones v. S.E.C., 1936, 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed. 1015) and it could be and was conditioned on the perpetuation of testimony already gathered in the case (American Steel & Wire Co. v. Mayer & Englund Co., S.D.N.Y. 1903, 123 F. 204) or the taking of and preserving of testimony for use in any future case before dismissal takes effect (Shattuck v. Pennsylvania R. R., W.D. N.Y.1931, 50 F.2d 974). Often, however, the statement of the "absolute" right of dismissal has been qualified by language indicating that the right is "absolute" only if the sole consequence of its exercise will be to put on the defendant the burden of repeating the effort of defense (see Jones v. S. E. C., supra, 298 U.S. at

p. 19, 56 S.Ct. 654; Kilpatrick v. Texas & P. Ry., S.D.N.Y.1947, 72 F.Supp. 632, 633), without, inferentially, diluting the quality or efficacy of the defense through the dismissal and its proximate consequences. There were occasional suggestions that, at least in the late phases of a case, dismissal to avert the effect of an unfavorable ruling would not be permitted. See, e. g., Yarn v. Ft. Dodge, D. M. & S. R. Co., 8th Cir. 1929, 31 F.2d 717, 720–721; Cf. Nelson v. Devney, 7th Cir. 1939, 102 F.2d 487, 490–491 (Wisconsin Law). And even a very broad statement of absolute right—later retracted—qualified it by remarking that cases were imaginable in which defendant might have acquired rights of a substantive nature that could not be protected by imposing terms and conditions on dismissal. Bolten v. General Motors Corp., 7th Cir. 1950, 180 F.2d 379, 382, 21 A.L.R.2d 623.

The fresh lines of decision occasioned by the taking effect of Rule 41(a)(2) very likely reflect reconsideration of the whole issue of the nature of the "right" of dismissal rather than the solution of any problem of interpretation presented by the language of the rule. In varying degrees the Courts have treated the rule as creating a power to deny as well as to condition exercises of the right of dismissal. Grivas v. Parmelee Transp. Co., 7th Cir. 1953, 207 F.2d 334; Ockert v. Union Barge Line Co., 3rd Cir. 1951, 190 F.2d 303; see Medina v. Erickson, 9th Cir. 1955, 226 F.2d 475, 483; Cincinnati Traction Bldg. Co. v. Pullman-Standard Car Mfg. Co., D.Del.1938, 25 F.Supp. 322; Cf. Peardon v. Chapman, 3rd Cir. 1948, 169 F.2d 909, 913. Leave to dismiss has been denied where the prospective substitute litigation will be attended with costs, ardors and jurisdictional uncertainties of an unusual order (Harvey Aluminum, Inc. v. American Cyanamid Co., S.D.N.Y.1953, 15 F.R.D. 14), or, simply, will occasion loss of the advantage of the procedural work done in the pending case. Schopen v. Westwood Pharmacal Corp., W.D.N.Y. 1951, 11 F.R.D. 555. One case has denied the dismissal where its only purpose was to enable plaintiff to regain the right, lost through inadvertence, to have a jury trial. Second-79th St. Co. v. United States Steel Corp., S.D.N.Y.1958, 22 F.R.D. 98. And dismissal has been conditioned, where a strong case for allowing dismissal was made out, upon the payment of a substantial counsel fee in addition to costs. Lunn v. United Aircraft Corp., D.Del.1960, 26 F.R.D. 12.

█ It is increasingly plain from the cases that the supposed absolute right to dismiss, upon the exercise of which just conditions can be imposed, has become a conditional right exercisable only for good cause shown and upon just conditions when it appears that the case is to be continued elsewhere. If, as has become customary, a waiver of jury trial, whether deliberate or inadvertent, will not be permitted to be retracted, it can hardly be supposed that the bare wish to have a jury trial is good cause for permitting a dismissal of a suit that has been long pending, has been progressed toward trial, and has involved all parties in very substantial costs. It is easy enough to say, and say rightly, that most if not all of the work product in the case, including the depositions and the defense arrangements painfully worked out among the parties respondents, will serve the state case as efficaciously as they serve this one. N.Y.C.P.L.R. Rule 3117 (c) makes the depositions available in the state case and the arrangement worked out among respondents under which the stevedore has agreed to defend for all, it is said, extends to the state court case and will, *pro tanto*, shorten and simplify its development. But that would only mitigate the respondents' hardship, not justify imposing the hardship. The only justification offered, the notional superiority of a jury trial, was consciously waived in November 1963 when the suit was filed as an admiralty suit. The desire to retract that waiver, a desire not shared by the parties respondent, does not justify the dismissal, and libelant cannot save to the parties respondent the value of their present procedural position. There can be no assurance of an early

trial in the state court action, and if, as is likely, it must await its turn on the calendar, the recollections of witnesses will be further dimmed by time, and perhaps, their availability to subpoena may not be what it is today. Moreover, if the case is (in effect) transferred to the state court, the parties respondent will not be entitled to the controlled respite from pre-trial forays that the filing of a note of issue and notice of readiness in this Court has given to them.

Accordingly, on libelant's motion, it is

Ordered that libelant's application for an order discontinuing the action without cost and without prejudice, and for further relief, is in all respects denied.