MARYLAND CASUALTY CO. v. QUALITY FOODS, Inc. et al.

Civ. No. 435.

United States District Court
E. D. Tennessee, N. E. D.

Sept. 16, 1948.

360

J. H. Winston, of Johnson City, Tenn., and Conway Maupin, of Greeneville, Tenn., for plaintiff.

Milligan & Haynes, Greeneville, Tenn., for defendants.

DARR, District Judge.

The plaintiff has a motion to dismiss without prejudice.

The case presented is one for damages arising out of an accident between a truck of the R. J. Reynolds Tobacco Company, herein called Reynolds, and a truck of Quality Foods, Inc., herein called Quality Foods. The driver of the Reynolds truck was killed in the accident. The driver for Quality Foods was injured. The estate of the deceased driver and the injured driver both elected to take compensation under Tennessee Workmen's Compensation Law. Code, § 6851 et seq.

The plaintiff paid, or became liable for, the sum of $6,650 as insurer under the Workmen's Compensation Law for Reynolds and as a result is subrogated to any right that Reynolds might have against Quality Foods. The Hartford Accident and Indemnity Company, herein called Hartford, was the insurance carrier covering the liability for wrongful use of the vehicle operated by Quality Foods and also carried its insurance required by the Tennessee Workmen's Compensation Law.

Hartford paid the driver of Quality Foods' truck for injuries sustained in the accident a sum of $871.54 as compensation, and it was thereby subrogated to the rights of the injured driver.

Against Reynolds, on May 14, 1948, Hartford brought suit in the name of Quality Foods in a state court alleging its subrogation and that the injuries sustained by the driver of Quality Foods were the result of the negligence of the driver for Reynolds.

The case went to trial in the state court on June 15, 1948, before a jury and the issues were found in favor of Quality Foods for the use and benefit of Hartford and judgment entered for the amount paid by Hartford to the injured driver. Appeal by defendant was perfected and is pending before the state appellate court.

In view of the fact that the plaintiff was insurer of liability arising under the operation of a truck of Reynolds, the plaintiff became liable for this judgment entered in the state court.

The issues in the state case are the same as the issues in the case at bar.

The question as to who became legally liable by reason of the collision between the Quality Foods truck and the Reynolds truck was the issue in the state case and is the issue in this case.

It seems to be agreed by the parties that the plaintiff and Hartford are the real parties in interest in both suits.

This suit was instituted and answer made before the action in the state court was brought. The original answer did not interpose the defense of res adjudicata, but a written motion seeking to be permitted to make such defense was filed prior to the time of the plaintiff's motion to dismiss.

The defendants resist the plaintiff's motion for dismissal without prejudice on the grounds that legal prejudice will result to them other than the mere prospect of second litigation of the subject matter. Their contention is that the judgment of the state court, even though on appeal, is res adjudicata to the present action, and if dismissal without prejudice is granted, the defendant might lose its present right to rely upon such defense.

A determination of the motion will be governed by Rule 41(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ This rule appears to be based upon a former equity practice. A number of decisions concerning action under this portion of Rule 41, together with some history of the background for the Rule, may be found in Moore's Federal Practice in the comments therein made concerning the rule and the cases cited. It appears unnecessary to go into detail about this discussion and these authorities. Sufficient to say that the substance of the whole matter is that a court has wide discretion in the dismissal of cases as to whether the same shall be done with or without prejudice.

I believe that the Rule did not intend to interfere in any drastic way with the right of a plaintiff to dismiss his action. Throughout the history of our jurisprudence such right has been upheld. However, in equity cases where the defendant might lose a right set up by the litigation other than the harassment or expense of another suit,

the courts have denied the plaintiff the right to dismiss without prejudice. But these authorities seem to turn upon rights set up in the litigation and not some collateral matter, for example, see the case of Chicago & A. R. Co. v. Union Rolling Mill Co., 109 U.S. 702, 3 S.Ct. 594, 27 L.Ed. 1081, relied upon by the defendants.

These defendants had an open way to bring their contentions to this court by counterclaim and have the whole matter settled in one litigation. But they did not elect to do this, but went into another jurisdiction and pursued their controversy there. The defendants had a legal right to do this under the authorities, even though it could be argued that their claim for relief amounted to a compulsory counterclaim. Red Top Trucking Corporation v. Seaboard Freight Lines, D. C., 35 F.Supp. 740.

■ But this situation has bearing upon the equities upon consideration of the plaintiff's right to dismiss without prejudice. The jurisdiction of this court should not be defeated when properly sought by one litigant by the other litigant going into another jurisdiction after the suit has been brought for the purpose of litigating the same question and obtaining a judgment that might act as an estoppel.

Also for consideration is the fact that the defendants instituted their suit in the state court after the time plaintiff might have dismissed as a matter of right.

Now it may be true that the judgment in the state court on appeal would stand res adjudicata to any judgment that could be obtained in this litigation should the case now be on trial. But the case is not up for trial. Should it be that the case is dismissed with prejudice or that dismissal is refused, then it would seem that an injustice would be done this plaintiff if there should be a reversal of the judgment made by the state court.

■ My judgment is that in all fairness to the plaintiff it should be allowed to dismiss this case without prejudice and not have the door prematurely closed to the rights it might have in the future. If the appellate court affirms the judgment, the whole matter is closed. If the state appellate court holds the judgment to be error,

**362**

then the plaintiff should be entitled to a hearing somewhere.

■ I might add that I think any authorities on the question of the right to dismiss prior to the effective date of the Federal Rules of Civil Procedure would not be binding on any court, but merely persuasive.

■ My judgment is that a court should take a view of the whole picture of the situation and determine the terms of dismissal upon justice and equity.

Being of the opinion as indicated, the motion of the plaintiff to dismiss without prejudice is granted.

Order accordingly.