**THERRIEN v. NEW ENGLAND TEL. & TEL. CO.**

Civ. A. No. 924.

United States District Court
D. New Hampshire.

Dec. 18, 1951.

Devine & Millimet, Manchester, N. H., for plaintiff.

Hughes & Burns, Stanley M. Burns, Dover, N. H., for defendant.

CONNOR, District Judge.

This action came on to be heard on plaintiff's motion to dismiss without prejudice. While riding as a guest in an automobile, she was injured when it was in collision with a telephone pole alleged to be jointly maintained by the Public Service Company of New Hampshire and the New England Telephone & Telegraph Company. Separate suits were brought in the New Hampshire Superior Court against both. On April 12, 1951, the defendant, alleging requisite diversity, seasonably petitioned for removal of the action to this court, and at the same time filed its answer which included a motion to dismiss. The petition to remove was granted, and thereafter plaintiff filed a motion to remand the action to the state court, which was denied. The present motion followed. The plaintiff grounds her motion upon her proposal to dismiss the pending suit in the state court, and to join the defendants in a new action in the county of her residence and in which defendants are doing business. The substance of defendant's objection to such grant is that this forum will be lost to it, not only in the dismissal, but by the resultant proposed suit joining the resident defendant. The defendant further contends that if a dismissal is granted, it should be with prejudice or upon the imposition of terms and conditions.

■ Absent actual prejudice accruing to the defendant, convenient disposition of plaintiff's claim in one trial is sufficient basis to warrant dismissal. The obvious purpose of movant is to avoid the attendant expense and inconvenience in the trial of separate suits for the same cause. Such would impose a severe and unnecessary burden upon the plaintiff, and it does not appear that the defendant would be put to any unjust disadvantage if the plaintiff's plan is carried out.

■ A pleading under Rule 41(a)(2), Fed.Rules Civ.Proc. 28 U.S.C.A. is addressed to the sound discretion of the court, with relief to be awarded consistent with justice and equity. Decision is to be made in accordance with what would be fairest and cause the least hardship to the parties. Lawson v. Moore, D.C. 29 F.Supp. 175; Maryland Casualty Co. v. Quality Foods, D.C., 8 F.R.D. 359. Dismissal and the subsequent litigation in the state court will of necessity preclude the defendant from a trial here, but without a showing that it has acquired some right or that it seeks or has become entitled to affirmative relief, the denial of which would work actual prejudice to it, no valid objection will lie. Welter v. E. F. DuPont De Nemours & Co., D.C., 1 F.R.D. 551, 553. That the defendant will be subjected to a second suit is no bar to an order of dismissal without prejudice. Home Owners' Loan Corp v. Huffman, 8 Cir., 134 F.2d 314, 318; Mott v. Connecticut General Life Insurance Co., D.C. 2 F.R.D. 523, 525. The substantive rights of the parties in the case at bar are controlled by the law of New Hampshire, and no other rule of law can be invoked. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

■ Allowance of the motion, however, is not to be made without the imposition of terms. The procedure adopted by the plaintiff in bringing this action was of her own choosing, and the removal by the defendant was wholly proper. The plaintiff can hardly complain of being chargeable with the expense of removal rightly asserted by the defendant. Similarly, should she be charged with the consequent expense of the motion to remand and the present motion. The defendant has urged that the payment of a substantial sum be imposed as a condition for the granting of this motion, listing several items of expense as part of the investigation and preparation for trial. Such are not allowed for they may properly be allocated to the proposed suit.

The motion is granted upon condition that the plaintiff pay, within twenty days after approval by the court, the expenses incurred by the defendant (to be submitted forthwith) in the removal of this action and hearings on the above pleadings.