### GRIVAS v. PARMELEE TRANSP. CO.
### No. 10844.

United States Court of Appeals
Seventh Circuit.

Oct. 1, 1953.

Rehearing Denied Nov. 6, 1953.

Bernard W. Mages and Jack L. Sachs, Chicago, Ill., for appellant.

Julius Jesmer and Chester L. Harris, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

Plaintiff, Zoe Grivas, commenced this action in the Circuit Court of Cook County, Illinois, against the defendant, Parmelee Transportation Company, a foreign corporation, for alleged personal injuries sustained on December 16, 1951, in a collision at a street intersection between an automobile driven by one Coula Papadatos, in which plaintiff was a passenger, and defendant's limousine. One of the acts of negligence alleged was defendant's failure to observe a red light at the street intersection. On defendant's motion the case was, on June 27, 1952, appropriately removed to the United States District Court, where defendant filed its answer July 3, 1952. During the course of the proceeding, plaintiff's counsel learned, so it was represented to the District Court, that in another proceeding in the State Court growing out of the same accident, it was shown or indicated that Coula Papadatos (driver of the car in which plaintiff was a passenger) had failed to obey the red light and was or might have been responsible for the collision. Shortly thereafter, on February 6, 1953, counsel for the plaintiff sought leave to make Coula Papadatos, a resident of Illinois, an additional party-defendant. This leave was denied on objection of defendant on the ground that to do so would destroy Federal jurisdiction.

Thereupon, plaintiff, on February 10, 1953, moved to dismiss the cause without prejudice, which motion on defendant's objection, was denied and the case set for trial on the following day. On the day the motion to dismiss was denied, plaintiff filed notice of appeal from the order of refusal, together with the required cost bond. When the case was called for trial on February 11, 1953, it was argued to the court that it had lost jurisdiction because of this appeal. The court held that the appeal was not from a final order and that it had jurisdiction to proceed. Thereupon, plaintiff's counsel refused to participate in the trial. Notwithstanding, a jury was empaneled and, at the direction of the court, returned a verdict in favor of the defendant, upon which judgment was entered. On February 12, 1953, plaintiff filed another notice of appeal, entitled "Amended and Supplemental Notice of Appeal," from the judgment thus entered.

Defendant contends that this court is without jurisdiction because the denial of the motion to dismiss was not an appealable order and the rules make no provision for appealing by way of an

"Amended and Supplemental Notice of Appeal." We assume, without deciding because it is unnecessary, that the order denying plaintiff's motion to dismiss was interlocutory and, therefore, not appealable. However, the fact remains that the appeal has also been taken from the final judgment in favor of the defendant, and we think it is immaterial that the notice of appeal bore the particular label which it did. We hold that we have jurisdiction to review the proceedings by which that judgment was obtained.

The essential question now before us is whether the District Court erred in its refusal to allow plaintiff's motion to dismiss. At this time it may be material, at any rate defendant from its argument before this court evidently thinks so, to relate further the course which this case took in the District Court. On November 12, 1952, the case, on plaintiff's motion, was set for trial on December 16. On the latter date, the District Court held a pre-trial conference and set the case for trial on January 26, 1953, on which date the court, on its own motion, set another pre-trial conference for the following day. This conference was held on January 27, and the cause was placed on the list of cases awaiting trial. On February 4, plaintiff served a notice on the defendant that on February 6 a motion would be made to set the case for trial at an early date. In the meantime, plaintiff's counsel had become aware, as heretofore related, that there might be a question as to whether the negligence which resulted in plaintiff's injury was that of the defendant or Coula Papadatos. It was at this point that plaintiff sought to make the latter a party-defendant and, being unsuccessful, then sought an order of dismissal without prejudice. It might also be stated that plaintiff's counsel, in the District Court as here, admits that his purpose in seeking the dismissal was so that the case could again be filed in the State Court, making both Parmelee and Papadatos defendants.

It is urged in this Court that plaintiff had an absolute right of dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., restricted only by the requirement that it be upon the order of the court and upon such terms and conditions as the court might deem proper, and that any discretion lodged in the District Court was only as to the terms and conditions. Naturally, plaintiff relies upon the decision of this court in Bolten v. General Motors Corp., 180 F.2d 379, 21 A.L.R.2d 623, which sustains plaintiff's contention. It is never a pleasant task for a court of review to overrule a previous decision upon which litigants and the District Courts of the Circuit have a right to rely, but we have reached the conclusion that our interpretation as announced in the Bolten case was too broad and that this is the time to modify it. The unanimous view of other courts and textbook writers is that the allowance of a motion to dismiss under Rule 41(a)(2) is not a matter of absolute right—that it is discretionary with the court "upon such terms and conditions as the court deems proper."

We do not renounce the possibility that there might be an instance where this court could be right and all others wrong, but the Bolten decision does not, in our judgment, come within that category. Some of the courts, since the Bolten case, have directly taken issue with it while others, without mentioning it, have held what we now conclude is the correct interpretation of the rule. We cite without further comment cases and authorities which have held contrary to our decision in Bolten. New York, C. & St. L. R. Co. v. Vardaman, 8 Cir., 181 F.2d 769, 770; Larsen v. Switzer, 8 Cir., 183 F.2d 850, 851; Ockert v. Union Barge Line Corp., 3 Cir., 190 F.2d 303, 304; Westinghouse Electric Corp. v. United Electrical Radio and Machine Workers of America, 3 Cir., 194 F.2d 770, 771; Moore v. C. R. Anthony Co., 10 Cir., 198 F.2d 607, 608; Barnett v. Terminal R. Ass'n of St. Louis, 8 Cir., 200

F.2d 893, 894. See also Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849; Barron and Holtzoff, Federal Practice and Procedure (1952 pocket part), Vol. 2, Sec. 912, and Moore's Treatise on Federal Practice, Vol. 5, page 109, footnote 5.

It is some satisfaction, however, to think that Judge Perry was not misled by our decision in Bolten. It is certain he did not follow it and, so far as can be ascertained from the lengthy colloquy which took place between court and counsel, it was not called to his attention. In fact, it appears that it is relied upon by the plaintiff for the first time in this court.

We come now to the vital question, that is, whether the District Court abused the sound judicial discretion which it was called upon to exercise in ruling upon plaintiff's motion to dismiss. The only reason disclosed in the record for the ruling is a statement made by the court, as follows: "* * * the Court feels that the case having been set for trial and already then on the trial call, and the defendant having acquired a right to be tried in the federal court, that had such a motion been granted it would have deprived the defendant of that right." It is apparent that the court adopted defendant's view, erroneously we think, that because this was a removed action it had an absolute right to a trial in the District Court. In its written objections to the motion to dismiss, defendant stated: "The plaintiff intends * * * if such motion should be allowed, to file a suit in a State court of Illinois against this plaintiff and Coula Papadatos, for the purpose of depriving this defendant of the right to try this case in the District Court of the United States, which it has exercised by removal of this cause from the Circuit Court of Cook County, Illinois."

The same contention is advanced in this court. Defendant states in its brief: "The plaintiff does not have a right of dismissal without prejudice where the defendant has proceeded under the statute to remove the cause from a state court to a federal court."

The effect of defendant's contention on this score is that because it was in the Federal Court on a removed action, it had an absolute right to a trial in that court and not otherwise—in other words, that the court was without authority to exercise its discretion on plaintiff's motion to dismiss. The substance of this contention is that the Federal Rules of Civil Procedure, including Rule 41(a)(2), are without application to a removed cause. This is an erroneous theory. True, defendant was granted by Congress the right to remove the case from the State to the Federal Court but, when it arrived there, it was subject to the same rules of procedure as if it had been originally sued in that court. Rule 81(c) provides: "These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."

In Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 452, 63 S.Ct. 1146, 1148, 87 L.Ed. 1509, the court stated: "Congress has indeed provided that in a suit which has been removed the District Court shall 'proceed therein as if the suit had been originally commenced in said district court, and the same proceedings had been taken in such suit in said district court as shall have been had therein in said State court prior to its removal.' Judicial Code § 38, 28 U.S.C. § 81".

In Texas Employers Ins. Ass'n v. Felt, 5 Cir., 150 F.2d 227, 231, 160 A.L.R. 931, the court stated: "Therefore, we do not need to distinguish between state and federal procedural law except to say that removal procedure is governed by federal statutes and that after the cause has been removed the procedure is governed by the federal rules."

The only case of any comfort to the defendant relative to the present discussion, which was strongly relied upon in the District Court as well as here, is Palmer v. Delaware, L. & W. R. Co., 222 F. 461. That decision, however, was

338

rendered long prior to Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, as well as the Federal Rules of Civil Procedure, and now carries little, if any, weight.

■ As a corollary to the contention that defendant has an absolute right to a trial in a removed case is the argument that to deprive him of that right amounts to legal prejudice. It has been held, however, that a litigant does not have a vested right in any given mode of procedure. Ex parte Collett, 337 U.S. 55, 71, 69 S.Ct. 944, 959, 93 L.Ed. 1207; New York, C. & St. L. R. Co. v. Vardaman, 8 Cir., 181 F.2d 769, 771. Defendant's contention under discussion is aptly answered in Therrien v. New England Tel. & Tel. Co., D.C., 102 F.Supp. 350, 351, where the court stated: "Dismissal and the subsequent litigation in the state court will of necessity preclude the defendant from a trial here, but without a showing that it has acquired some right or that it seeks or has become entitled to affirmative relief, the denial of which would work actual prejudice to it, no valid objection will lie. [Citing case.] That the defendant will be subjected to a second suit is no bar to an order of dismissal without prejudice. [Citing cases.] The substantive rights of the parties in the case at bar are controlled by the law of New Hampshire, and no other rule of law can be invoked. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188."

■ Defendant makes no contention that it acquired any right in the District Court other than the right to a trial in that court, and obviously, it was not entitled to affirmative relief. Moreover, the substantive law of the case is that of Illinois, irrespective of whether the case against the defendant is tried in the Federal or the State Court.

■ Neither is there any merit in the argument that plaintiff attempted to make Coula Papadatos a party-defendant for the purpose of destroying jurisdiction although, if permitted, that might have been the effect, and that having been frustrated in that attempt,

sought a dismissal in order to accomplish the same purpose. We find nothing in this record which indicates that plaintiff's attorney was acting other than in good faith. When he discovered that the alleged injuries of plaintiff might have been caused either by the negligence of Coula Papadatos or that of defendant as was originally alleged, or by their joint negligence, we see nothing improper about counsel's desire to try the issues against them in one law suit rather than two. The trial of separate cases against the two defendants would afford each an opportunity to lay the blame on the other, and each might succeed. If both defendants are tried in the same case, a court or jury will be in a better position to decide where the actual blame, if any, resides.

■ We need not hold that the court abused its discretion in refusing plaintiff's motion to dismiss. It is more apt to conclude, and we do, that the court for the reason shown denied the motion upon an asserted legal premise which in fact does not exist. Plaintiff urges that this court fix the terms and conditions upon which a dismissal be allowed. This we shall not do because, whether the dismissal should be allowed and, if so, the terms and conditions to be imposed, are matters within the sound judicial discretion of the District Court. The terms and conditions which may be properly imposed as a prerequisite to dismissal have been considered in a number of cases and, naturally, they vary, depending upon the situation existing in each particular case. See Barnett v. Terminal R. Ass'n of St. Louis, 8 Cir., 200 F.2d 893, 894; New York, C. & St. L. R. Co. v. Vardaman, 8 Cir., 181 F.2d 769, 771; Therrien v. New England Tel. & Tel. Co., D.C., 102 F.Supp. 350, 351; Philadelphia Gear Works, Inc. v. Kerotest Mfg. Co., D.C., 101 F.Supp. 820, 822; United States v. E. I. DuPont de Nemours & Co., D.C., 13 F.R.D. 490, 497 (opinion by Judge La Buy).

The cause is reversed and remanded, with directions that the judgment be vacated and that the court proceed in conformity with the views herein expressed.