BELISARIO DE LA MATTA, Plaintiff and Appellant, *v.* ISMAEL CARRERAS ET AL., Defendants and Appellees.

No. R-64-67.      Decided March 23, 1965.

*Norman A. Pardo* for appellant. *José Torres Ortiz* for appellees.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Ismael Carreras and his wife, Aida Torres de Carreras, defendants-appellees herein, instituted a civil action for dam-

ages against plaintiff-appellant Belisario de la Matta and undertook to attach plaintiff's business located on Barbosa and Vizcarrondo Streets in ward Villa Palmeras in Santurce, and other properties. During the attachment of the business the conditional vendors of certain properties instituted a complaint in intervention, which was granted with the consent of the attaching creditors and the attaching debtor. We do not know whether because of the decline in the attached properties or for some other reason, appellee spouses, after the complaint was answered, filed a motion of voluntary dismissal on May 9, 1962, alleging: "that plaintiffs are not interested in pursuing the proceedings in the present case, for which reason they move to desist from the claims as for all pertinent legal purposes, and likewise request the court to set aside the writ of attachment issued against defendant, and to decree the immediate delivery to defendant of the properties which had been attached by the writ of attachment aforementioned." Said motion appeared to have been notified to defendant's attorney, now plaintiff-appellant, on the same date the motion for voluntary dismissal was filed.

On June 27, 1962, no objection having been presented by de la Matta to the motion of dismissal, the Superior Court of Puerto Rico, San Juan Part, rendered the following judgment: "In view of the motion for dismissal filed by plaintiffs (defendants-appellees herein) in which they allege not to be interested in pursuing the proceedings in the present case, for which reason they move to desist therefrom and in which they also request that the writ of attachment issued against defendant, of the properties which may have been attached thereby be set aside, the court grants the request and consequently orders and decrees the dismissal of the complaint, and likewise orders the immediate delivery to defendant of the property which by the writ of attachment levied in the present case may have been attached."

Feeling that justice was due him, the former defendant against whom the attachment had been levied filed an action for damages in the Superior Court of Puerto Rico, San Juan Part, alleging the attachment, the dismissal without the consent of plaintiff herein, the fact that none of the properties attached had been returned to him, and the corresponding anguish and mental sufferings.

On January 31, 1964 the case was heard in default of the former attaching creditors, now defendants-appellees, and the trial court reached the following conclusions: "Within the (former) proceedings plaintiff therein, subsequent to the execution of a personal bond signed by codefendant sureties, requested and obtained, in the Superior Court, Caguas Part, a writ of attachment to secure the effectiveness of judgment, with which order marshal Dolores Soltero undertook to attach, on February 3, 1961, a business belonging to plaintiff herein, located on Barbosa and Vizcarrondo Streets, Villa Palmeras, Santurce, an automobile and other properties belonging to him . . . . That notwithstanding the decree in the judgment (judgment of June 27, 1962 copied above) no properties were ever returned to plaintiff. That as a result of said attachment he has suffered the following material damages: total loss of the business operating at 350 Vizcarrondo Street in Santurce, P.R., $5,955; loss of income during one year of unemployment at the rate of $25 per day, $9,000. That as a result of said attachment, plaintiff as well as his wife, suffered mental anguish. We have not been presented with precise and accurate evidence of the property belonging to plaintiff that was attached, since from the record it appears that several properties were delivered to their owners because they were under conditional sales contract. Nor have we had before us, nor was it included in the record, the inventory of defendant's properties attached by the marshal."

The trial court reached the following conclusions of law: "This is an action predicated on § 1803 of the Civil Code of Puerto Rico on the basis of damages suffered as a result of a wrongful attachment. In order that a cause of action may exist for wrongful attachment our Supreme Court has held that plaintiff must alleged and prove that the action brought against defendant, and in which the attachment has been decreed, terminated by a final judgment in his favor. See *Martí* v. *Hernández*, 57 P.R.R. 804 (1940) (citation); *Sosa* v. *Morales*, 58 P.R.R. 362 (1941) (citation); *Sorrentini & Cía.* v. *Méndez*, 76 P.R.R. 646, 649–650 (1954) (citation) . . . . We have to take into consideration that the attachment is an incident of the complaint, it arises therefrom; hence the necessity of obtaining a judgment on the merits of the case in favor of plaintiff. In the case at bar the judgment was obtained by motion of voluntary dismissal and not on the merits of the case. In cases of default, since the adverse party is not represented, nor does the court have his contention under consideration, the evidence must be clear, precise and conclusive in order that there be no doubt in the mind of the trier as to the real and actual existence of the damages. The mere fact that a person may have suffered loss does not entitle him to compensation; in order to obtain it, it is necessary to furnish the court with the necessary facts for the purpose of assessing the amount of the damages. *Sánchez* v. *Cooperativa Azucarera de P.R.* . . . . For the reasons and grounds aforestated we are compelled to dismiss the complaint in default with costs on plaintiff and without attorney's fees."

On review plaintiff-appellant assigns the following errors: (1) In deciding that the action which gave rise to the attachment was not terminated by judgment in favor of plaintiff-appellant; (2) In deciding that a judgment of voluntary dismissal, subsequent to the attachment and after defendant had answered the complaint, and without the consent

of said defendant, is not equivalent to a judgment in his favor; (3) In dismissing the complaint for failure to adduce facts constituting a cause of action since the case had not been decided on the merits; (4) In erroneously applying the cases of *Sosa* v. *Morales*, 58 P.R.R. 362 (1941) and *Sorrentini* v. *Méndez*, 76 P.R.R. 646 (1954).

1–2 The law applicable to this first question is Rule 39.1 of the Rules of Civil Procedure of 1958 which provides:

"**Dismissal (a) By plaintiff; by stipulation.**

"Subject to the provisions of Rule 20.2 an action may be dismissed by the plaintiff without order of court (1) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (2) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in the General Court of Justice, or in any federal court or of any state of the United States, an action based on or including the same claim.

"(b) **By order of court.** Except as provided in Rule 39.1(a), no action shall be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper and subject to the terms of Rule 44.4(b). If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

This review arises from an action for damages instituted by the former plaintiffs Aida Torres de Carreras and Ismael Carreras against Belisario de la Matta—Civil No. 61-160 at the Superior Court of Puerto Rico, Caguas Part; plaintiff's exhibit I, in the second case instituted by Belisario de la Matta against the defendants herein, Aida Torres de Ca-

rreras and Ismael Carreras, Civil No. 63-1893 at the Superior Court of Puerto Rico, San Juan Part. The original complaint in the Caguas Court was filed on January 25, 1960, and on that same date the attachment was levied on the property of the former defendant Belisario de la Matta, which gave rise to the litigation under review. Subsequent to certain incidents of change of venue, intervention, interrogatories, on March 28, 1961 former defendant Belisario de la Matta answered the complaint, and alleges that on the ·day, time and place of the accident, "he was driving his vehicle at moderate speed and on the right-hand side of the road; that while thus driving his automobile he saw another automobile coming in the opposite direction at excessive speed and zig-zagging on the road, for which reason he swerved closer to the right side and stopped; that after he had completely stopped, the automobile coming in the opposite direction, which belonged to plaintiff, and which was driven by coplaintiff Ismael Carreras, on passing him zig-zagged and brushed his car; that the automobile driven by coplaintiff Ismael Carreras continued zig-zagging until he crashed against a culvert; that defendant's automobile suffered no damages in the accident; that although defendant was not responsible for the accident occurred to plaintiffs, he, together with other persons who were there at the moment went to help them; . . . that the proximate and sole cause of the accident was the reckless, careless and negligent manner in which coplaintiff Ismael Carreras was driving his automobile at excessive speed in state of intoxication, the automobile driven by defendant taking no part whatsoever in the cause of the accident suffered by plaintiffs." As we have said, on May 9, 1962 a motion for voluntary dismissal was presented and on June 27, 1962 judgment of dismissal was rendered.

It is true that this case involves a voluntary dismissal after the answer to the complaint was filed which is governed

by Rule 39.1 (b) of 1958 which requires the order of the court and clearly establishes that "no action shall be dismissed at plaintiff's instance, save upon order of the court and upon such terms and conditions as the court deems proper and subject to the terms of Rule 44.4 (b)" (costs), and the provision ends by stating: "Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

■ Although it is not necessary for the decision of the issue involved herein, however it is proper to explain in advance that the right to a dismissal at plaintiff's instance by filing a simple motion with the clerk, without notice on the adverse party and without order of the court, is only available to a plaintiff before service by the adverse party of an answer or of a motion for summary judgment, whichever occurs first, first proposition of Rule 39.1 (a) of 1958. According to the treatise 2b Barron and Holtzoff, Federal Practice and Procedure 102, § 911: The purpose of federal Rule 41 (a)—equivalent to our Rule 39.1 (a)—which permits plaintiff to dismiss the action voluntarily is to give him the right to take the case out of court if no other party will be prejudiced. The right, far-reaching at common law, is now limited by the federal practice rule to the period before answer or motion for summary judgment. Thereafter, dismissal can be had only with consent of the court and on such conditions as are just.

■■ As may be seen, after an answer has been served, plaintiff must secure an order of the court by ordinary motion and the court shall, in granting a motion for dismissal, impose such conditions as it deems proper according to the circumstances of the case. It seems that the error in considering plaintiff's right of voluntary dismissal, either before or after the complaint is answered, accrues from a marginal provision included in the sense that in both cases the dis-

missal shall be without prejudice. In the first proposition: voluntary dismissal by plaintiff before service of an answer or of a motion for summary judgment, it is logical that the dismissal be without prejudice, that is, plaintiff shall retain the right to bring a new action. It is known that this first dismissal is used to correct misjoinder of parties, to search for better evidence to support the cause of action, to change improper venue, etc.

In the second proposition of Rule 39.1(a): dismissal by stipulation signed by all the parties, plaintiff's right to dismissal without prejudice is logical, since the parties which might be affected by said dismissal authorize it. However, in the second proposition there is a limitation as to prejudice, that it does not apply to the two-dismissal rule, since in the event that plaintiff has once dismissed in our General Court of Justice, or in any federal court evading the problem of dual citizenship, or of any state of the United States, an action based on or including the same claim, the second dismissal operates as an adjudication upon the merits and it is a dismissal with prejudice by a simple statement of the law.

In the third proposition of Rule 39.1(b): dismissal after service of an answer to the complaint, it would not be logical to assume that plaintiff's right of dismissal is always without prejudice. It is proper to start by pointing out the fact that in this case, plaintiff's right of dismissal is not absolute: 2b Barron and Holtzoff, Federal Practice and Procedure 112–113 § 912 (1961) in footnote 30.3 of which we find the words of The United States Court of Appeals for the Seventh Circuit in the case of *Grivas* v. *Parmelee Transp. Co.*, 207 F.2d 334, 336 (Major) (1953), in the sense that the unanimous view of other courts and textbook writers is that the allowance of a motion to dismiss under federal Rule 41(a)(2), 39.1(b) ours, is not a matter

of absolute right of plaintiff; that it is discretionary with the court upon such terms and conditions as the court deems proper. This being so, it is not difficult to conclude that the condition that the dismissal be with prejudice, may be one of the conditions imposed by judicial discretion. It is convenient to cite from the very text of Barron and Holtzoff, to which we have been referring, that the golden rule as to said discretion is the following: "The discretion of the court is a judicial, and not an arbitrary, discretion. If necessary a hearing should be had, and the court should endeavor to insure substantial justice to both parties." (Section 912, at p. 113.)

■ Summarizing: There is no reason at law which precludes considering a voluntary dismissal after an answer is filed as an adjudication upon the merits for the purpose of assessing the damages which the judicial attachment levied upon defendant's property may have produced on his capital. In view of a motion for voluntary dismissal which only alleges: "That plaintiffs are not interested in pursuing the proceedings in the present case, for which reason they move to desist from the claims as for all pertinent legal purposes, and likewise request that the court set aside the writ of attachment issued against defendant and to decree the immediate delivery to defendant of the properties which had been attached by the writ of attachment aforementioned" it is within the discretion of the court to determine, at a hearing to that effect, the damages suffered by defendant and to impose, as a condition for dismissal, the compensation of said damages. Otherwise, its action may be considered as abuse of discretion. But there is something more.

■ 3–4 As to the recovery of the damages caused by an attachment levied in an action which is voluntarily dismissed, the judgment decreeing the dismissal and ordering the release of the attachment operates as an adjudication

upon the merits, in whatever relates to the attachment, said attachment being an auxiliary remedy not interfering with the merits of the cause of action. As it is known, the liability for the damages resulting from an attachment is established by § 4 of the Act to Secure the Effectiveness of Judgments of March 1, 1902—32 L.P.R.A. § 1072 (at p. 939) which provides: "If it be clearly shown by means of any authentic document that the fulfillment of the obligation may be legally enforced, the court shall decree the remedy without bond. In any other case, it shall be required that a bond be furnished. The bond thus given shall secure the defendant against any damage caused to him by reason of the remedy."

■ It is a long time since our case law established that the recovery provided for by § 4 has certain individuality as to its own cause of action "damages", it partakes of the privileges of the judicial bond against the conventional bond, it does not need to include plaintiff as an essential party, or requires the discussion of the property of the principal debtor nor is it subject to any rule of laches and the indemnity for damages includes not only the amount of the loss which may have been suffered, but also that of the profit which the creditor may have failed to realize: *Muriente* v. *Terrasa et al.*, 22 P.R.R. 686, 691–696 (Del Toro) (1915); *Avilés* v. *Sons of Rafael Toro, Ltd.*, 27 P.R.R. 616, 622 (Hernández) (1919). Since the case of Avilés, *supra,* the dismissal was identified with a judgment on the merits (at pp. 618–619).

■ ■ As to the prescription we need only note that the first case of *Aida Torres de Carreras and Ismael Carreras* v. *Belisario de la Matta,* in which the attachment was decreed, the judgment of dismissal was rendered on June 27, 1962, notice being served on July 20, 1962, and the second case of *Belisario de la Matta* v. *Ismael Carreras, Aida Torres de Carreras, Narcisa Torres and Edwin Sánchez Hidalgo,*

now under consideration, in which wrongful attachment damages are claimed, was filed on May 17, 1963, to realize that the claim for wrongful attachment damages has not prescribed, because the term of one year established by law to file an action for damages has not elapsed: *Sosa* v. *Morales*, 58 P.R.R. 362, 366 (De Jesús) (1941); 57 P.R.R. 804, 807 (Travieso) (1940). As to the defense of laches, it has no efficacy in view of the entire system of prescription of actions contained in our Civil Code.

In the conclusions rendered by the trial court there is an incongruency which merits our consideration for present purposes. On the one hand, the trial court considers the following damages as caused by the wrongful attachment: total loss of the business operated on 350 Vizcarrondo Street, Santurce, Puerto Rico, $5,955; loss of income due to unemployment for one year at the rate of $25 daily, $9,000; on the other hand the trial court adds: "We have not been presented with precise and accurate evidence of the property belonging to plaintiff that was attached, since from the record it appears that several properties were delivered to their owners because they were under conditional sales contract. Nor have we had before us, nor was it included in the record, the inventory of defendant's property attached by the marshal. . . . In cases of default, since the adverse party is not represented, nor does the court have his contention under consideration, the evidence must be clear, precise, and conclusive in order that there be no doubt in the mind of the trier as to the real and actual existence of the damages. The mere fact that a person may have suffered loss does not entitle him to compensation; in order to obtain it, it is necessary to furnish the court with the necessary facts for the purpose of assessing the amount of the damages."

The aspect of this incongruency which concerns us most is the loss of the business, since plaintiff's way to prove

it is sanctioned by our own case law. In the case of *Muriente v. Terrasa et al., supra,* at p. 694 it is said: "Is it not logical to presume that had it not been for the attachment the plaintiff would have continued his business and made the same profits as before? In our opinion it is, and therefore we think that the amount earned previously during a like period of time and under identical circumstances may and should be taken as a basis for calculating the profits which the plaintiff failed to realize. From March 25, when the attachment was levied, to July 13, when the wagon and mules were returned to the plaintiff, three months and twenty days elapsed. Calculating the profits at $75 monthly, a simple arithmetical operation shows that the plaintiff failed to realize $275, which he is entitled to recover as a just indemnity for the damages sustained by reason of the attachment."

For the reasons stated, the judgment of February 26, 1964, rendered on this occasion by the Superior Court of Puerto Rico, San Juan Part, will be reversed; and in furtherance of justice, the case will be remanded for a new hearing on the merits.