Thomas O'REILLY and Susan O'Reilly, Plaintiffs,

v.

R.W. HARMON & SONS, INC., Defendant.

No. 88–0861–CV–W–9.

United States District Court, W.D. Missouri, W.D.

March 21, 1989.

John P. Ryan, Jr., Law Office of John P. Ryan, Jr., Grandview, Mo., Max W. Foust,

James P. Frickleton, Morris & Foust, Kansas City, Mo., for plaintiffs.

Douglas N. Ghertner, Field, Gentry, Benjamin, & Robertson, P.C., Kansas City, Mo., for defendants.

## ORDER GRANTING PLAINTIFF'S JANUARY 18, 1989, MOTION TO DISMISS PURSUANT TO RULE 41(a)(2), FEDERAL RULES OF CIVIL PROCEDURE

BARTLETT, District Judge.

On July 21, 1988, Thomas and Susan O'Reilly filed a petition in the Circuit Court of Cass County, Missouri, for the wrongful death of their five year old daughter who was killed when a school bus ran over her. Plaintiffs, citizens of Missouri, named as defendant the school bus company, R.W. Harmon & Sons, Inc. (Harmon), an Indiana corporation with its principal place of business in Indiana. On August 31, 1988, Harmon removed the case to this court on the grounds of diversity of citizenship.

On January 18, 1989, plaintiffs moved to voluntarily dismiss the case pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure. Although not stated in the motion, I understand from the January 13, 1989, scheduling conference that plaintiffs intend to bring the school bus driver, a Missouri citizen, into this case as an additional defendant. Rather than attempt to amend their complaint in federal court to include a non-diverse party,[1] plaintiffs seek to dismiss this case without prejudice in order to refile in state court against both defendants.

### Discussion

The purpose of Rule 41(a)(2) is primarily to prevent a voluntary dismissal which would unfairly affect the other side. *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir.1987). Dismissal is generally granted where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit. *Id.* The Eighth Circuit has suggested that the following factors be considered in deciding a Rule

41(a)(2) motion: 1) the defendant's effort and the expense involved in preparing for trial; 2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; 3) insufficient explanation of the need to take a dismissal; and 4) the fact that a motion for summary judgment has been filed by the defendant. *Id.*, 826 F.2d at 783.

The only completed discovery is a set of interrogatories propounded by defendant and answered by plaintiffs. Plaintiffs have agreed these answers can be used in any further litigation. Defendant does not argue that it will suffer any more expense preparing for trial in state court that it would incur preparing for trial in federal court. In addition, although this case has been in federal court since September 1988, I cannot say this evidences excessive delay or lack of diligence by plaintiffs in prosecuting this case.

Plaintiffs want to pursue this case in state court. Toward that end, they want to dismiss this case and refile in state court with a Missouri resident as an additional defendant.

Defendant argues that this motive is improper and that allowing the dismissal violates a removing defendant's "right" to a federal forum. Defendant relies on *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) which is widely cited for the proposition that once an action has been properly removed, a plaintiff may not do anything to defeat federal jurisdiction and force a remand to state court. *See, e.g., Boyd v. Diebold*, 97 F.R.D. 720, 721 (E.D.Mich. 1983). *St. Paul* does hold that after removal a plaintiff may not force a remand by reducing the amount of the prayer below the diversity requirement or by changing the citizenship of the parties in an effort to defeat diversity. However, *St. Paul* and the other cases upon which defendant relies involve plaintiffs seeking *remand* directly or remand by the addition of another party in the federal case. The

---

1. *See* 28 U.S.C. § 1447(e), Pub.L. No. 100–702 § 1016(c)(2). "(e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction,

the court may deny joinder, or permit joinder and remand the action to the state court." (Effective November 19, 1988.)

cases do not involve a request for *voluntary dismissal*. Therefore, defendant's cases are not instructive on the availability of a Rule 41(a)(2) dismissal in this situation.

The voluntary dismissal issue was raised and squarely addressed in *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir.1953) which had been removed from state court on diversity grounds. There, plaintiff moved for a Rule 41(a)(2) dismissal in order to refile in state court against an additional defendant. The defendant in federal court opposed the dismissal contending that upon removal defendant "acquired a right to be tried in the federal court [and] that [if the] motion [were] granted it would deprive the defendant of that right." 207 F.2d at 337. The court there held:

> The effect of defendant's contention on this score is that because it was in the federal court on a removed action, it had an absolute right to a trial in that court and not otherwise—in other words, that the court was without authority to exercise its discretion on plaintiff's motion to dismiss. The substance of this contention is that the Federal Rules of Civil Procedure, including Rule 41(a)(2), are without application to a removed cause. This is an erroneous theory. True, defendant was granted by Congress the right to remove the case from the State to the Federal Court but, when it arrived there, it was subject to the same rules of procedure as if it had been originally sued in that court. Rule 81(c) provides: "These rules apply to civil actions removed to the United States district courts after the state courts and govern procedure after removal."

*Id.*, 207 F.2d at 337.

> As a corollary to the contention that defendant has an absolute right to a trial in a removed case is the argument that to deprive him of that right amounts to legal prejudice. It has been held, however, that a litigant does not have a vested right in any given mode of procedure. Ex parte Collett, 337 U.S. 55, 71 [69 S.Ct. 944, 952, 93 L.Ed. 1207] (further citations omitted). "[D]ismissal and the subsequent litigation in the state court will of necessity preclude the defendant from a trial here, but without a showing that it has acquired some right or that it seeks or has become entitled to affirmative relief, the denial of which would work actual prejudice to it, no valid objection will lie." That the defendant will be subjected to a second suit is no bar to an order of dismissal without prejudice.

*Id.* at 338 (citations omitted). The court vacated the trial court's denial of plaintiff's motion and remanded the case for reconsideration.

Under the reasoning in *Grivas* and the observation of the Eighth Circuit in *Paulucci* that dismissals generally should be granted "where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit," 826 F.2d at 782, it is hereby ORDERED that plaintiffs' January 18, 1989, motion to dismiss without prejudice pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure, is granted.