935 F.2d 1285
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CRAIG-LITTLE ENTERPRISES, INCORPORATED, Plaintiff-Appellee,
v.
NEIL MASSIE, d/b/a New Dimension, Incorporated; MASSIE &
ASSOCIATES, INCORPORATED, Defendants-Appellants.
 No. 90-2093
 UNITED STATES COURT OF APPEALS
FOURTH CIRCUIT
 Argued: February 6, 1991
Decided: June 25, 1991
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke.
 ARGUED: Mary M. Lee, DUNLAP, CODDING, PETERSON & LEE, Oklahoma City, Oklahoma, for Appellants. John Lester Cooley, Jr., FOX, WOOTEN & HART, P.C., Roanoke, Virginia, for Appellee.
 Before HALL and MURNAGHAN, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Massie & Associates, Inc., and Neil Massie ("Massie") appeal the district court's dismissal of the action against them without prejudice and without conditions. We affirm.
 
 I.
 
 2
 Craig-Little Enterprises, Inc. ("CLE"), specializes in raising funds for various nonprofit organizations. In December, 1980, one of CLE's principals was approached by Joe McCray, who had developed a new program for fund raising, which he called "ComputA-Thon," generically referred to as a "jog-a-thon."[1] McCray had been promoting his jog-a-thons under the name "Comput-A-Thon" on the West coast, and he wanted CLE to sell the program on the East coast. McCray and CLE collaborated for about six months, and in early 1981, CLE sold several Comput-A-Thons. In August, 1981, CLE hired its own computer company and began offering jog-a-thons under the name "Olymp-A-Thon." Materials produced by CLE included manuals of operation, form letters, contracts and order forms. The materials were not sold independently of the consulting service. Although the Olymp-A-Thon operation manual carried a copyright notice, none of the other documents in the manual carried a notice. Each of these other documents was separately distributed to the public.
 
 
 3
 In late 1983, CLE changed the name of its program to Amer-A-Thon. CLE also revised and published its manuals and other materials. In 1986, CLE again revised and published its Amer-AThon materials. A statement inside the cover prohibited unauthorized use of the 1986 manual, but the statement did not give the year of first publication. Moreover, none of the Amer-A-Thon materials contained a copyright notice. In October, 1986, copyright registrations were obtained on the 1983 and 1986 versions of the Amer-A-Thon materials. Registrations were obtained on the Olymp-A-Thon materials in June, 1987.
 
 
 4
 Neil Massie also worked as a fund raising consultant. During 1982, Massie was employed at a school that conducted an Olymp-A-Thon fund raiser. Subsequently, during the 1982-1983 school year, Massie acted as an independent sales representative for CLE. Massie states that although he had access to CLE's OlympA-Thon materials, he did not see any Amer-A-Thon materials until after the filing of this lawsuit.
 
 
 5
 In 1982, Massie incorporated Massie & Associates, Inc., for the purpose of conducting fund raising events. At first, Massie & Associates did not include jog-a-thons among its services. Massie continued to refer customers to CLE and received finder's fees. In 1983, Massie quit working for CLE. Through Massie & Associates, Inc., he started offering his own jog-a-thon program under the name "New Dimensions."
 
 
 6
 In early 1984, Massie attended a conference where he met Jack Little, one of CLE's principals. Though the evidence conflicted, Little claimed that he put Massie on notice that CLE was concerned that Massie was copying Olymp-A-Thon materials, and requested that Massie cease copying CLE materials. CLE's complaint alleges that it confirmed infringement in the fall of 1986. Except for the 1984 meeting, CLE made no effort to contact Massie or his company to inquire about the alleged infringement until this lawsuit was filed on December 23, 1987.
 
 
 7
 CLE filed suit in the District Court for the Western District of Virginia, alleging that Massie had infringed its copyright in its Olymp-A-Thon and Amer-A-Thon materials. CLE sought injunctive relief, damages, costs and attorneys' fees. Discovery was conducted during this time, but the court did not rule on two motions filed by Massie to compel discovery.
 
 
 8
 In June, 1989, Massie filed a first amended answer, adding a new affirmative defense of unclean hands because CLE had itself copied the materials. On August 4, 1989, CLE moved for a voluntary dismissal, pursuant to Fed. R. Civ. P. 41(a)(2), because it was no longer "economically advantageous" to pursue the case. Massie responded, requesting that the dismissal be granted with prejudice or on the condition that he be awarded his costs and attorneys' fees.[2] The court rendered no decision after an unrecorded hearing on September 15, 1989; instead, the court instructed the parties to pursue settlement.
 
 
 9
 On April 16, 1990, Massie moved for dismissal with prejudice or an award of expenses, arguing that it had spent considerable sums over the course of two years to defend this action, and also that CLE agreed to a dismissal with prejudice. On April 19, 1990, the court dismissed the case without any award of costs or fees.[3] Massie filed a timely appeal.
 
 II.
 
 10
 Massie argues on appeal that the court erred by dismissing without prejudice, rather than with prejudice, or by not conditioning the dismissal on an award of Massie's costs and fees. Massie is correct that a dismissal pursuant to Rule 41(a)(2) will usually be ordered without prejudice only upon such terms and conditions as the court deems proper to avoid unfair detriment to the defendant. Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947). However, the court has broad discretion, which Massie must show has been abused in order to win a reversal. See Paturzo v. Home Life Ins. Co., 503 F.2d 333 (4th Cir. 1974).
 
 
 11
 Massie cites numerous cases in support of its argument. See, e.g., Bosteve Ltd. v. Marauszwki, 110 F.R.D. 257, 259 (E.D.N.Y. 1986); Schwarz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985); Maryland Casualty Co. v. Quality Foods, Inc., 8 F.R.D. 359 (E.D. Tenn. 1948). However, the cases cited do not provide a clear formula for determining what in particular would unfairly prejudice a defendant. Furthermore, Massie makes no clear statement as to how he has been prejudiced by this dismissal, except that he must bear $20,000 in legal fees and costs.
 
 
 12
 Massie asserts that CLE has represented that it will not pursue the action in another forum; however, even if CLE were to pursue an action in another forum, this dismissal would not necessarily unfairly prejudice Massie because its discovery and work product would be useful in the future action. Davis v. USX Corp., 819 F.2d 1270 (4th Cir. 1987).
 
 
 13
 Finding that appellant has not shown an abuse of discretion, we affirm.
 
 AFFIRMED
 
 
 [1]
 A jog-a-thon is a jogging event held at a school in which students solicit donations based on the number of miles or laps completed. CLE provides the materials, instructions, and computer services to keep track of the pledges and donations. As payment, CLE usually receives a percentage of the total contributions
 
 
 [2]
 Massie has incurred about $20,000 in attorneys' fees, about ten percent of which was spent on a motion to change venue
 
 
 [3]
 The order did not specify that the dismissal was with prejudice, consequently, the dismissal was without prejudice. Fed. R. Civ. P. 41(a)(2)